## Commonwealth vs. George E. Howe.

Middlesex.   Nov. 22, 1886. — Feb. 26, 1887.   Holmes & Gardner, JJ., absent.

The Pub. Sts. c. 7, § 57, providing that "whoever . . . . at any national, state, or municipal election . . . . knowingly gives more than one ballot at one time of balloting at such election, shall be punished," do not apply to ballots given, at a municipal election of a city, upon the question of granting licenses for the sale of intoxicating liquors.

Complaint to the Police Court of Lowell, alleging that the defendant, on December 8, 1885, at Lowell, at the regular annual municipal election of said city, held on said day, when a vote was taken upon the following question, "Shall licenses be granted for the sale of intoxicating liquors in this city?" the vote being then and there by separate ballot, "did upon the question aforesaid, to wit, Shall licenses be granted for the sale of intoxicating liquors in this city? wilfully, fraudulently, knowingly, and designedly give in more than one ballot at one time of balloting at the vote and election aforesaid, against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

In the Superior Court, on appeal, before the jury were empanelled, the defendant filed a motion, which was also filed and overruled in the Police Court, to quash the complaint, for the following reason among others : "That the said complaint sets forth no offence against any law or laws of this Commonwealth." *Staples*, J., overruled the motion. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. F. Courtney*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

W. Allen, J. The Pub. Sts. c. 7, § 57, provide that "whoever . . . . at any national, state, or municipal election . . . . knowingly gives more than one ballot at one time of balloting at such election, shall be punished," &c. The Pub. Sts. c. 100, § 5, provide that "in a city which at its annual municipal election, or in a town which at its annual meeting, votes to authorize

the granting of licenses for the sale of intoxicating liquors," &c., " the aldermen and selectmen respectively shall insert in the warrant for the annual municipal election or town meeting an article providing for a vote upon the question " of granting such licenses; that the vote shall be by separate ballot, and in taking it the check-list shall be used. The defendant was convicted on a complaint charging him with giving more than one ballot on the question of licensing the sale of intoxicating liquors at a municipal election in the city of Lowell. The complaint cannot be sustained, unless the statute first above cited includes such a ballot.

In the latter statute, the words " annual municipal election " evidently mean the annual meeting for the election of municipal officers. The law provides for such a meeting in cities, and the statute intended to provide for a vote to be taken at that meeting. The annual meeting being established by law for the election of officers, a vote required to be taken at the meeting, though not in the election of officers, was described as a vote at the annual election. If the same meaning is to be given to the word " election " in the former statute, the act charged in the complaint comes within its purview; but if it intends a ballot given in an election of national, state, or municipal officers, it does not include the act charged in the complaint. The natural import of the expression " balloting at a national, state, or municipal election," is balloting in the election of such officers, and it suggests only balloting for them. This apparent meaning of the statute might have been controlled by the more obvious different meaning of the word " election " in the other statute, if the two statutes had been originally enacted at the same time, and if they related only to cities. But the consideration of the history and provisions of both statutes confirms the conclusion that the former statute intends only ballots cast for national, state, or municipal officers.

The St. of 1813, c. 68, § 2, provided that, " If any person, at any meeting for the choice of town officers, shall knowingly give in more than one vote or list, for any officer or list of officers then voted for at any such meeting, he shall forfeit," &c. The Rev. Sts. c. 4, § 7, in the chapter " Of the manner of conducting elections," provides that, " If any voter shall knowingly give in

more than one ballot, at any one time of balloting, at any elec-
tion, he shall forfeit," &c.   This is reënacted in the Gen. Sts. c. 7
§ 29, in the chapter under the same title.   The St. of 1874, c. 356
repealed this statute, and enacted, under the title of " An act to
punish illegal voting and to secure the purity of elections," that
" Whoever with fraudulent intent votes or attempts to vote upon
any name other than his own at any national, state, or municipal
election, or whoever knowingly gives more than one ballot at
one time of balloting at an election, shall be punished by impris-
onment," &c.   The St. of 1876, c. 172, under the same title, re-
enacted the statute with increased penalty.   This included only
ballots given in an election of officers, and was in force when the
St. of 1881, c. 54, first provided for voting in cities and towns
upon the question of licensing the sale of intoxicating liquors.
When the Public Statutes were enacted, the St. of 1876, c. 172,
was reënacted in the chapter " Of the manner of conducting
elections and returning votes," c. 7, § 57; and the St. of 1881,
c. 54, was reënacted in c. 100 under the title " Of intoxicating
liquors."

The natural import of the language of c. 7, § 57, and the ob-
vious purpose of its original enactment and subsequent reënact-
ments, indicate that it was limited to ballots cast in the election
of officers, and does not include all ballots upon any matter
which might be voted upon by ballot at the annual meetings for
the election of municipal officers in cities.   It is very plain that
the statute cannot include ballots cast at town meetings, except
in the election of officers.   A ballot given at a municipal elec-
tion cannot, by any license of construction, be made to mean a
ballot given at an annual town meeting on a question of pledg-
ing the credit of the town, or of uniting it with another town, or
of licensing the sale of intoxicating liquors, or upon any mat-
ter of town concern which may be voted on by ballot.   It is
equally clear that the Legislature could not intend, by the
words " balloting at such election," in c. 7, § 57, to include
balloting on the question of licensing the sale of intoxicat-
ing liquors in cities, and to exclude such balloting in towns.
A construction which gives a different meaning to the words
when applied to cities from what they have when applied
to towns, is equally inadmissible with a construction which

includes ballots given at a town meeting upon other matters than elections.

This construction is confirmed by a reference to the statutes regarding voting by cities and towns upon allowing sales of intoxicating liquors therein, when the St. of 1869, *c.* 415, prohibiting sales, was in force. The St. of 1870, *c.* 389, § 2, authorized sales of ale, porter, strong beer, and lager bier. Section 3 was in these words: " The inhabitants of any city or town may on the first Tuesday of July next, and thereafter on the first Tuesday in May annually, vote that no person shall be allowed to sell ale, porter, strong beer, lager bier, in which case the sale of such liquors in such city or town is prohibited." The St. of 1871, *c.* 334, repealed these sections and substituted other provisions. Section 2 authorized a city or town to vote on the first Tuesday of July then next, and thereafter annually on the first Tuesday of May, that any person might manufacture or sell ale, porter, strong beer, or lager bier therein. Section 3 provided that meetings for the purpose should be notified, warned, and held in the same manner as meetings for the choice of municipal officers; that the meeting should be kept open at least two hours; that the check-list should be used and the vote should be by ballot. This special meeting was clearly not an " election" within the meaning of that word in the statute making penal the giving of more than one ballot at any election. The St. of 1871, *c.* 334, was repealed by the effect of the St. of 1875, *c.* 99, which provided for the granting of licenses for the sale of intoxicating liquors by the mayor and aldermen of cities, and the selectmen of towns. The St. of 1881, *c.* 54, which prohibited the granting of such licenses except in cities and towns which voted to authorize them, provided for a vote in the manner provided for in the St. of 1871, *c.* 334, except that, instead of requiring a special meeting on the first Tuesday of May annually, it provided for voting at the annual municipal election in cities and the annual meeting in towns. These words, in our opinion, show an intention to fix the time and occasion when the voting should be had, and not to enact that ballots in cities upon the question of licensing should be taken to be ballots given at an election, within the meaning of that word in the statute upon elections.

We think that the contention of the defendant, that the ballot intended by the statute upon which the complaint is framed is a ballot for national, state, or municipal officers, and that the complaint charges no offence under the statute, is sustained.

If the complaint is good as charging a misdemeanor at common law, (see *Commonwealth* v. *Silsbee*, 9 Mass. 417,) it was an offence of which the Police Court of Lowell did not have jurisdiction; and it is unnecessary to consider the objections to the sufficiency of the complaint.          *Exceptions sustained.*