[L. A. No. 338. In Bank.—Dec. 19, 1898.]

FANNIE F. HOLLIDAY, Respondent, v. EDWARD F. HOL-
LIDAY et al., Appellants.

MALICIOUS PROSECUTION — PLEADING—BURDEN OF PROOF.—In order to maintain an action for a malicious prosecution, the plaintiff must allege and affirmatively prove malice and want of probable cause for instituting the action complained of, and that the same has been finally determined in favor of plaintiff.

ID.— TERMINATION OF PROSECUTION — HABEAS CORPUS — DISMISSAL OF PROSECUTION.—A criminal prosecution for a threatened breach of the peace is finally terminated in favor of the person charged

by his release upon *habeas corpus*, or by a dismissal of the prosecution on motion of the district attorney, if not made at the procurement of the accused.

ID.—PROBABLE CAUSE FOR CRIMINAL PROSECUTION—CONCLUSIVENESS OF JUDGMENT—REVERSAL IMMATERIAL.—When a person is charged with a criminal offense before a court having jurisdiction to try the matter, and is tried and found guilty, the judgment rendered, unless it is shown to have been procured by fraud, is conclusive evidence of probable cause for making the charge, even though it is afterward held to be unauthorized and reversed upon appeal.

ID.—ORDER UPON PRELIMINARY EXAMINATION—PRIMA FACIE EVIDENCE.—An order made upon a mere preliminary examination by a magistrate holding a defendant to answer without full jurisdiction to try the matter, is not conclusive upon the question of probable cause, and at most is but *prima facie* evidence thereof.

ID.—SECURITY TO KEEP THE PEACE—JUSTICE'S JUDGMENT CONCLUSIVE—DISCHARGE ON HABEAS CORPUS IMMATERIAL.—In this state a justice of the peace has jurisdiction to try and determine a proceeding for security to keep the peace, and does not act merely as a committing magistrate upon preliminary examination of that subject matter, and his judgment thereupon, ordering security to prevent a threatened breach of the peace, is conclusive evidence of probable cause for the proceeding; and the subsequent discharge of the defendant upon *habeas corpus* is immaterial.

ID.—PROBABLE CAUSE A QUESTION OF LAW—INSTRUCTIONS.—In an action for a malicious prosecution, the question of what constitutes probable cause is always a question of law for the court, to be determined from the facts established in the case, however complicated or numerous may be the facts; and when the facts are disputed, the court must group the various facts which the evidence tends to prove and instruct the jury that if they find such facts to be established, there was or was not probable cause, as the case may be.

ID.—ADVICE OF COUNSEL—REASONABLE DILIGENCE TO ASCERTAIN FACTS—ERRONEOUS INSTRUCTION.—A person relying upon the advice of counsel for a criminal prosecution, as a defense to an action for malicious prosecution, on the ground of probable cause, is not required to have used reasonable diligence to ascertain any other facts than those within his knowledge, but it is sufficient that in seeking the advice of counsel he acted in good faith, and disclosed all the facts within his knowledge relating both to the accusation and the defense; and an instruction embodying the proposition that he must have disclosed other facts "which he could have ascertained by reasonable diligence," and must so prove to the satisfaction of the jury, in order to avail himself of the defense of the advice of counsel, is erroneous.

APPEAL from a judgment of the Superior Court of Los

Angeles County, and from an order denying a new trial. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

William J. Hunsaker, for Appellants.

The order of Justice Young adjudging that security be given to keep the peace is a conclusive adjudication that there was probable cause for the proceeding. (*Whitney v. Peckham*, 15 Mass. 243; *Clements v. O. E. Apparatus Co.*, 67 Md. 461, 605; *Griffis v. Sellars*, 2 Dev. & B. 492; 31 Am. Dec. 422; 4 Dev. & B., 176; *Welch v. B. & P. R. Corp.*, 14 R. I. 609; *Phillips v. Kalamazoo*, 53 Mich. 33; *Cloon v. Gerry*, 79 Mass. 201; *Parker v. Huntington*, 68 Mass. 124; 73 Mass. 36; *Parker v. Farley*, 64 Mass. 279; *Giusti v. Del Papa* (R. I), 33 Atl. Rep. 525; *Crescent City Live Stock Co. v. Union Slaughter House Co.*, 120 U. S. 141; *Adams v. Bicknell*, 126 Ind. 210; *Armstrong v. Vicksburg etc. Ry. Co.*, 46 La. Ann. 1448; *Reynolds v. Kennedy*, 1 Wils. 232.) The order being within the jurisdiction of the justice is invulnerable to collateral attack. (*Spaulding v. Chamberlin*, 12 Vt. 538; 36 Am. Dec. 358; *Mitchell v. Hawley*, 4 Denio, 414; 47 Am. Dec. 260; *Turner v. Conkey*, 132 Ind. 248; 32 Am. St. Rep. 251; *Keybers v. McComber*, 67 Cal. 395; *Dore v. Dougherty*, 72 Cal. 232.) The burden was on the plaintiff to show that there was no probable cause for the prosecution. (*Dunlap v. New Zealand Ins. Co.*, 109 Cal. 365, 369; *Grant v. Moore*, 29 Cal. 644; *Potter v. Seale*, 8 Cal. 218; *Ganea v. Southern Pac. R. R. Co.*, 51 Cal. 140.) The court erred in requiring reasonable diligence to ascertain and state facts not known, in seeking the advice of counsel, in order to rely upon that defense. (*Dunlap v. New Zealand Ins. Co.*, *suprà*.)

Jones & Newby, and A. B. Campbell, for Respondent.

The order of Justice Young did not conclusively establish the existence of probable cause for the prosecution. (*Deimer v. Herber*, 75 Cal. 287; and, in other jurisdictions: *Womack v. Circle*, 29 Gratt. 192; *Olsen v. Neil* (Iowa), 18 N. W. Rep. 864; *Hyde v. Greuch*, 62 Md. 577; *Palmer v. Avery*, 41 Barb. 290; *Burt v. Place*, 4 Wend. 591; *Witham v. Cowan*, 14 Me. 362;

*Payson v. Coswell*, 21 Me. 226.)  *Crescent City Live Stock Co. v. Union Slaughter Co.*, 120 U. S. 141, cited by counsel for defendants, reconciles the authorities and supports the view for which we contend.  (*Darnell v. Fallee*, 34 N. E. Rep. 1020; 7 Ind. App. 580.)  Both prosecutions were terminated finally in favor of plaintiff.  One was terminated by the discharge of plaintiff upon *habeas corpus* (Pen. Code, sec. 1485, Newell on Malicious Prosecution, 343.)  The other was terminated by the dismissal of the prosecution, without procurement of plaintiff. (*Kinsey v. Wallace*, 36 Cal. 463; *Clegg v. Waterbury*, 88 Ind. 23; *Swensgaard v. Davis*, 33 Minn. 368; 123 N. W. Rep. 543; *Lytton v. Baird*, 95 Ind. 349.)

THE COURT.—This is an action to recover damages for malicious prosecution and false imprisonment, based on a proceeding instituted by defendants against plaintiff before a justice of the peace, under the provisions of sections 701 to 714 of the Penal Code.  The complaint contains four counts.  The first count alleges that on the nineteenth day of August, 1895, in the city of Los Angeles, the defendants falsely and maliciously, and without reasonable or probable cause, charged plaintiff before William Young, a justice of the peace within and for the township of Los Angeles, with having threatened to burn the personal property of defendants, and to shoot, stab, and kill defendants; and that said defendants had just cause to fear the said threats would be carried into execution by said plaintiff if she was not restrained by the court, and procured said justice to issue a warrant for the arrest of plaintiff on said charge, and thereupon plaintiff was arrested under said warrant and imprisoned in the county jail of Los Angeles county for the space of eight days.  It is then alleged "that on the twenty-seventh day of August, 1895, upon petition of plaintiff for discharge, upon a writ of *habeas corpus*, which was duly issued and returned, the said plaintiff was discharged from custody, and the said prosecution is wholly ended and determined."

The second count alleges that on the twenty-seventh day of August, and immediately after plaintiff's discharge, as alleged in the first count, the defendants again procured the said justice to issue a warrant for the arrest of plaintiff upon the same charge

set out in the first cause of action, and thereupon she was arrested under said warrant and imprisoned for three hours until released upon her own recognizance to thereafter appear and answer said charge; and "that on the thirty-first day of August, at the request of counsel for defendants, and on motion of the district attorney, the plaintiff was discharged from custody without examination, and said prosecution is wholly ended and determined."

The third and fourth counts, by the instruction of the court, were withdrawn from the consideration of the jury, and they need not, therefore, be considered.

Defendants demurred to each of the counts contained in the complaint, and their demurrer was overruled. They then answered, denying the allegations of the first and second counts relating to malice, want of probable cause, and damage; and, as a further defense to the first count, alleged that after an examination of the charge before the justice of the peace the proceeding was finally determined on August 20th, and, as showing such final determination, set up the following order made by the justice:

"It appears to me that there is just reason to fear the commission of the offense within mentioned. I order that you, the said defendant, enter into an undertaking in the sum of one thousand dollars, with two sufficient sureties, to keep the peace toward the people of the state of California, and particularly toward the affiants. Done in open court, this twentieth day of August, 1895.

"WM. YOUNG,
"Justice of the Peace."

And, in addition to the denials of the allegations of the second count, defendants alleged that they consented to the dismissal of the second proceeding solely for the reason that they and their counsel were assured by the counsel for the plaintiff in this action (the defendant in said proceeding) that she would not carry the threats, for the making of which she was charged, into execution, or otherwise harm or molest the persons or property of defendants.

The case was tried before a jury, and a verdict was rendered in favor of the plaintiff for the sum of five hundred dollars, on

which judgment was entered. From that judgment and an order denying their motion for a new trial defendants have appealed.

The law is well settled that to maintain an action of this kind the plaintiff must allege and affirmatively prove malice and want of probable cause on the part of the defendant in instituting the proceeding which is made the basis of the action, and that the same has been finally determined in favor of the plaintiff.

Appellants contend that the allegations in the first count of the complaint, that upon a writ of *habeas corpus*, which was duly issued and returned, plaintiff was discharged from custody and the prosecution was wholly ended and determined, were not sufficient to show that the proceeding had been finally determined in favor of the plaintiff, and, therefore, their demurrer to that count should have been sustained. The argument is, that it does not appear that the petition for the writ was presented to any court or judge having jurisdiction to issue the writ, or that an order was made by any court or judge directing the discharge of plaintiff. But it was only necessary to allege that the prosecution had been finally determined, and not the means by which that end was accomplished. The statement that plaintiff was discharged upon a writ of *habeas corpus*, which was duly issued and returned, and the prosecution was wholly ended, is sufficient. (Newell on Malicious Prosecution, 353.)

It is further contended that the order of the justice of the peace made August 20th, requiring the plaintiff to enter into an undertaking to keep the peace, was a conclusive determination that there was probable cause for the institution of the proceeding which resulted in the making of such order, and was not subject to collateral attack. And, in accordance with this contention, defendant requested the court to instruct the jury that the order referred to, made by the justice upon the information before him, was "conclusive evidence that there was probable cause for lodging said information and prosecuting said proceeding." The court refused to give the instruction asked, and, at the request of the plaintiff, instructed the jury that "the fact that Justice Young rendered judgment requiring the plaintiff in this action to give bail in the sum of one thousand dol-

lars to keep the peace is no bar to this action by the plaintiff," and that "the defendants cannot shield themselves on the first and second causes of action behind the action of Justice Young in issuing the warrants of arrest and committing plaintiff, if the facts stated in the information were false and not believed by the defendants to be true."

It is insisted by appellants that the court erred in refusing to give the instruction requested by them and in giving the instruction requested by respondent, and many cases are cited on both sides as to the effect, as conclusive evidence, of judgments and orders of courts.

Without reviewing the cases cited, we deem it enough to say that, while there is some apparent conflict in the decisions, the prevailing rule is, that when a person is charged before a competent court having jurisdiction of the matter, and is tried and found guilty, the judgment rendered, unless it is shown to have been obtained by means of fraud, is conclusive evidence of probable cause for making the charge, even though it is afterward held to be unauthorized and reversed on appeal. (See *Crescent Live Stock Co. v. Butchers' Union*, 120 U. S. 141, where the cases are reviewed at considerable length.) Where, however, the court has not full jurisdiction to try the matter and to render a judgment upon the merits, as where a justice sits as a committing magistrate with power merely to discharge a defendant or to hold him to answer for trial before a higher tribunal, the order made by the magistrate in such cases, lacking the essentials of a final judgment, is not held conclusive upon the question of probable cause. At the most it is but *prima facie* evidence. (*Ganea v. Southern Pac. R. R. Co.*, 51 Cal. 140; *Diemer v. Herbert*, 75 Cal. 287.) In this state, under the proceeding laid down in our Penal Code, the justice of the peace has full and complete jurisdiction over that peculiar form of preventive justice known as the proceeding for security to keep the peace. (Pen. Code, secs. 701, 714.) The magistrate's determination that there is just reason to fear the commission of the offense justifies his order in putting the accused person under bonds to keep the peace, and, in the event of his failure to give the required bonds, then to order him committed to jail. From this order no appeal lies. The justice's jurisdiction

is as complete as it is in cases of battery, petty larceny, and other like misdemeanors. His conclusion is, so far as the defendant is concerned, a final determination upon the merits of the controversy, and his order that the accused person stand committed contains all the essentials of a final judgment. In a sense the proceeding is an examination, but it is confusing so to employ the word which, under our system, is regularly used to denote the mere preliminary inquiry by a magistrate into the circumstances of a felonious charge concerning which his sole power is to enlarge the defendant or to hold him over to answer. Respondent, however, relies upon the case of *Johnston v. Meaghr*, 14 Utah, 426, where a contrary rule is announced; but the cases cited by the court to support the proposition fail to do so. They refer either to examinations upon charges amounting to felony, or to a different procedure which prevails in some of the states, where the justice sits in a peace proceeding strictly as a committing magistrate. Such is the case of *Hyde v. Greuch*, 62 Md. 577. Under the Maryland procedure, when proper affidavit is made before a justice in a peace proceeding, it becomes that officer's duty at once to cause the arrest of the accused person, and without examination to bind him over to make his appearance before the next circuit court, there to receive what the court may impose on him. Where such a system obtains, it is quite obvious that the order of the justice of the peace is precisely similar to the order of a justice with us in holding an accused person to answer upon a charge of felony, and that it contains none of the elements of a final judgment.

The appellants' contention on this point, therefore, must be sustained, as there was no evidence that the order of the justice was procured by fraud, and without such evidence it conclusively established the existence of probable cause for the prosecution of the first proceeding, notwithstanding the fact that the plaintiff was afterward discharged from her imprisonment under a writ of *habeas corpus*.

In actions of this character what constitutes probable cause is always a question of law for the court. As said in *Ball v. Rawles*, 93 Cal. 222: "Malice is always a question of fact for the jury, but whether the defendant had or had not probable cause

for instituting the prosecution is always a matter of law to be determined by the court. If the facts upon which the defendant acted are undisputed, the court, according as it shall be of the opinion that they constituted probable cause or not, either will order a nonsuit (or direct a verdict for the defendant), or it will submit the other issues to the jury; but, whether admitted or disputed, the question is still one of law to be determined by the court from the facts established in the case. If the facts are controverted, they must be passed upon by the jury before the court can determine the issue of probable cause; but the question of probable cause can never be left to the determination of the jury. . . . . The court cannot divest itself of its duty to determine this question, however complicated or numerous may be the facts. It must instruct the jury upon this subject in the concrete, and not in the abstract, and must not leave to that body the office of determining the question, but must itself determine it, and direct the jury to find its verdict in accordance with such determination. The court should group in its instructions the facts which the evidence tends to prove, and then instruct the jury that if they find such facts to be established there was or was not probable cause, as the case may be, and that their verdict must be accordingly."

In accordance with the law as above declared, the court, at the request of plaintiff, very briefly and meagerly grouped the facts which would constitute a want of probable cause, and instructed the jury that if they found those facts to be true the verdict should be in favor of the plaintiff. And at the request of defendants the court very fully grouped the facts which the evidence tended to prove, and instructed the jury that, if they found those facts to be true, then they constituted probable cause for lodging the information against plaintiff and her arrest and prosecution, and the verdict should be for defendants on both causes of action.

It is objected that the facts, as grouped at request of plaintiff, were insufficient to show a want of probable cause, and that this was a fatal error which calls for a reversal. But all of the instructions must be read together, and, when so read, we fail to see that the jury could have been misled. The jury must be presumed to have understood that if the facts, as grouped at the

request of defendants, were not found to be true, then there necessarily must have been a want of probable cause.

It is essential to the maintenance of an action such as this that the proceeding complained of should have been finally terminated, and terminated in plaintiff's favor. The court instructed the jury that the dismissal by the justice of the motion of the district attorney, on August 31, 1895, was a sufficient termination of the second prosecution for the purposes of the action. Appellant complains of this instruction, and insists that the evidence discloses that the dismissal of the second proceeding was at the procurement of the accused, and under her promise to refrain from committing the injuries which she had threatened. It is, of course, true that the dismissal of a charge at the procurement of the accused cannot be construed as such a final determination of the matter in her favor as to support an action for malicious prosecution. (*Langford v. B. & A. R. Co.*, 144 Mass. 144; *McCormack v. Sisson*, 7 Cow. 715.) But, as we read the evidence, it cannot be successfully contended that the dismissal of the second prosecution was by the procurement of the plaintiff. The testimony upon the matter is the testimony of the attorney who represented her in the peace proceeding. The deputy district attorney asked if the accused could give bail, and her attorney replied no, that she could not give a dollar of bail. The deputy district attorney then said: "Mr. Jones, if you will answer that the woman will not do any damage, we will let her go on her own recognizance." To this Mr. Jones replied (quoting from his testimony): " 'Why, certainly; I have no idea that she has any intention of harming these defendants, and I will make that answer for her,' and I did. I then asked her to state, and I think she did state to Justice Young, that she would not do any harm at all, and thereupon Justice Young released her on her own recognizance." Some days later the proceeding was dismissed upon the motion of the complainants, represented by the deputy district attorney, upon the mere statement of this plaintiff's attorney that "Mrs. Holliday would not molest the defendants or their property, and that they need not have any fears of her doing so." As the facts which we have recited stand in the record without conflict, we think the court was justified as matter of law in instructing the jury that there was a suffi-

cient determination of the second prosecution in plaintiff's favor.

The court also, at the request of plaintiff, instructed the jury as follows: "The defendants rely upon the advice of counsel as one of their defenses to the causes of action for malicious prosecution, and upon this point the court instructs the jury that whether or not the defendants did, before instituting the proceedings, make a full, fair, and honest statement to their attorneys of all the material facts, bearing upon the facts stated in the informations laid before Justice Young, of which they had knowledge, or which they could have ascertained by reasonable diligence, and whether in commencing such proceedings the defendants were acting in good faith upon the advice of their counsel, are questions of fact to be determined by the jury from all the evidence and circumstances proven in the case; and if the jury believe from the evidence that the defendants did not make a full, fair, and honest statement of such facts to their counsel, then such advice cannot avail them anything in this suit."

By this instruction the court in effect charged the jury that, when in an action for malicious prosecution the defendant relies upon the advice of counsel as a defense for instituting the proceedings complained of, he must, in order to avail himself of that defense, prove to the satisfaction of the jury that before instituting the proceeding he made a full, fair and honest statement to his counsel of all the material facts bearing upon the charge of which he had knowledge, or which he could have ascertained by reasonable diligence, and that he acted in good faith upon the advice of the counsel.

In *Dunlap v. New Zealand etc. Ins. Co.*, 109 Cal. 365, instructions of similar import were given by the court and held to be erroneous, and for the error in giving them the judgment was reversed. The court, after a review of the authorities, said: "Assuming that in seeking the advice of counsel, and in acting thereon, he has acted in good faith, and has disclosed all the facts within his knowledge relating to the defense and the accusation, his defense of probable cause will be established, even though the defendant should show at the trial other facts sufficient to secure his acquittal, and which might have been ascer-

tained by the prosecuting witness if he had made diligent inquiry therefor. It is not necessary that he shall institute an investigation of the crime itself, or seek to ascertain whether there are other facts relating to the offense, or tried to find out whether the accused has any defense to the charge. He is not required to exhaust all sources of information bearing upon the facts which have come to his knowledge, for that would be to require him to perform the office of the committing magistrate, and thus thwart the very purpose of the law in inducing him to seek its immediate vindication for crimes committed against it. There are expressions in some opinions to the effect that, in addition to the facts within his knowledge, he must also have exercised reasonable diligence to ascertain whether there are any other facts bearing upon the charge; but in an extended examination of the authorities we have not been able to find any case in which it has been decided that such diligence must be exercised, or where the prosecuting witness has been held liable for failure to ascertain whether there were any other facts bearing upon the case."

The case of *Sandell v. Sherman*, 107 Cal. 391, cited by counsel for respondent, does not sustain their claim that the instruction under review was not erroneous. In that case an instruction was given which stated that if the defendants "made a full and fair statement of all the facts of that case to their counsel," and he advised, et cetera, and they acted on his advice, "it is a good defense in this case." It was urged that the instruction was erroneous for the reason, among others, "that it does not charge that they should have stated to the attorney all the facts within their knowledge or which they reasonably could have obtained." But, tested by the general rule in such cases, the court failed to see any serious objection to the instruction and held it to be sufficient.

Following the law as declared in the Dunlap case, it must be held here that the instruction under review was erroneous in so far as it charged in effect that the defendants could not avail themselves of the advice of counsel unless the jury should find from all the evidence and circumstances proven in the case that before instituting the proceedings they made a full, fair and honest statement to their attorneys of all the material facts

bearing upon the case "which they could have ascertained by reasonable diligence."

For the errors above noted the judgment and order appealed from are reversed, and the cause remanded for a new trial.

Temple, J., dissented from the conclusion reached upon the proposition last discussed.

Beatty, C. J., did not participate in the foregoing.