
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAUL S. DANIELS; NANETTE S.
DILLARD,

          Plaintiffs-Appellants,

 v.

COUNTY OF ALAMEDA; ALAMEDA
COUNTY BOARD OF SUPERVISORS;
NATE MILEY; SCOTT HAGGERTY;
ALAMEDA COUNTY AUDITOR-
CONTROLLER AGENCY; PATRICK J.
O'CONNELL,

          Defendants-Appellees,

 and

KEITH CARSON; RICHARD VALLE;
WILMA CHAN, County Supervisor;
SUSAN MURANISHI; DIANA SOUZA;
ROBERT LIEBER,

          Defendants.

No.   19-17534

D.C. No. 3:19-cv-00602-JSC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Jacqueline Scott Corley, Magistrate Judge, Presiding

Argued and Submitted January 12, 2021
San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and WHALEY,[**] District Judge.

Paul Daniels and Nanette Dillard appeal the district court's order dismissing their malicious- and retaliatory-prosecution claims, which they brought under 42 U.S.C. § 1983. The couple argues that the district court erroneously relied on California law—instead of federal law—to impose a presumption that the Alameda County District Attorney had probable cause to charge them in connection with misappropriated federal grant funds. Alternatively, the couple contends that the district court erred in concluding that their complaint failed to adequately connect any particular defendant to the district attorney's charging decision. The district court had jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3), and we have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). We affirm.

---

[**] The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

The district court correctly applied California law to find that probable cause existed to charge Daniels and Dillard criminally. It is well settled that the existence of probable cause dooms a malicious- or retaliatory-prosecution claim. *See Hartman v. Moore*, 547 U.S. 250, 265–66 (2006); *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054 (9th Cir. 2009). We have unambiguously held that state law determines whether probable cause existed in a state court action "because we have incorporated the relevant elements of the common law tort of malicious prosecution into our analysis under § 1983." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). Nothing about that admonition is dicta, and it clearly binds us here.

In "California, as in virtually every other jurisdiction" prima facie evidence of probable cause exists when a defendant is held to answer to criminal charges after a preliminary hearing. *Id.* at 1067 (citing *Holliday v. Holliday*, 55 P. 703, 704 (Cal. 1898)). That prima facie evidence is only rebutted if the prosecution was "induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith." *Id.* (citations omitted). If the criminal charges result in a conviction, the prima facie presumption becomes conclusive and may only be overcome by a showing that the conviction was obtained by fraud or perjury. *Plumley v. Mockett*, 79 Cal. Rptr. 3d 822, 838 (Cal. Ct. App. 2008). Even

an appellate reversal of the criminal conviction will not negate probable cause absent one of those factors. *See Bealmear v. S. Cal. Edison Co., Ltd.*, 139 P.2d 20, 21 (Cal. 1943).

Daniels and Dillard have not rebutted either presumption. The couple has not alleged any facts demonstrating that their convictions were the result of fraud or perjury. Nor have they adequately alleged that the district attorney's decision to charge them was the result of fraud, corruption, perjury, or other bad-faith motives. The complaint alleges wide-spread corruption within the Alameda County government. But the couple does not plausibly allege that the defendants were "actively instrumental in causing the initiation of legal proceedings." *See Awabdy*, 368 F.3d at 1067. And where the complaint does allege specific facts related to the district attorney's decision to charge the couple, the allegations are too attenuated to have been "instrumental" to the charging decision. *Id.*

Alternatively, the couple failed to allege specific facts tying any particular defendant to the district attorney's charging decision. To state a claim in a § 1983 action, a plaintiff must plead facts showing that each defendant's "own individual actions . . . violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The closest the complaint comes to plausibly connecting a particular defendant to the district attorney's charging decision is that one county board member

4

recommended that the district attorney investigate Dillard for allegedly misappropriating federal grant funds in March 2011.  Even assuming that the defendant specifically asked the district attorney to charge the couple, we presume that a district attorney's charging decision "result[ed] from an independent determination on the part of the prosecutor." *Awabdy*, 368 F.3d at 1067.  The isolated allegation here does not rebut that presumption and has not "nudged [the couple's] claims . . . across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (citations omitted).

**AFFIRMED.**