ARTHUR C. WILLIS, JUNIOR, *vs.* JOHN F. GURRY.

Suffolk. November 6, 1953. — January 5, 1954.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Malicious Prosecution. Probable Cause. Practice, Civil,* Leave reserved.

Where there was evidence supporting the plaintiff's cause of action and the jury returned a verdict for him, a verdict for the defendant under leave reserved was not to be entered on the alleged ground that "the plaintiff's evidence was slight and the defendant's evidence was overwhelming." [21–22]

In an action for malicious prosecution of the plaintiff for larceny, where
the defendant had made a complaint against the plaintiff on that charge
in a District Court and a judge thereof after hearing had found probable
cause and held the plaintiff for the grand jury under bail, but the
grand jury had returned no indictment, a finding of want of probable
cause was warranted by evidence showing that the defendant made
the complaint only for the purpose of securing return of money which
he had paid to the plaintiff and did not entertain a reasonable belief
that the plaintiff was guilty of larceny; the finding by the District
Court judge was not conclusive. [22]

TORT. Writ in the Superior Court dated October 7, 1949.
The action was tried before *Murray*, J.

*Harry P. Haveles*, (*Theodore A. Glynn, Jr.*, with him,) for
the defendant.

*Charles F. Nayor*, (*Haywood W. Corbett* with him,) for the
plaintiff.

COUNIHAN, J. This is an action of tort for malicious
prosecution of the plaintiff on a charge of larceny of an
automobile. The action was tried to a judge and jury.
At the close of the evidence the defendant moved for a
directed verdict on the ground that the evidence did not
warrant a finding of want of probable cause. This motion
was denied by the judge who submitted the case to the
jury under leave reserved. The jury found for the plaintiff
and the judge denied a motion to enter a verdict for the
defendant under leave reserved. The defendant filed a
motion for a new trial which was heard but not acted upon.
At the request of the defendant the judge reported the case
with the following stipulation: "if the evidence was in-
sufficient to support a finding of want of probable cause
under count 1 then judgment is to be entered for the de-
fendant; otherwise, the case is to be remanded to the
Superior Court for disposition of the defendant's motion
for new trial."

The only issue before us is want of probable cause. There
was no error in the denial of the defendant's motions.

We summarize the evidence most favorable to the plaintiff.
On August 6, 1949, the plaintiff sold and delivered to the
defendant, without warranty, an automobile for which the

defendant gave him $100 in cash and a check for $575. Three days later the defendant stopped payment of the check because he contended that the automobile was not in proper working order. Thereafter on many occasions the defendant demanded the return of the $100. At a trial in the Municipal Court of the City of Boston of an action brought by the plaintiff to recover the amount of the check the defendant testified that he had "rescinded the bargain, he didn't owe $575 on the check, and that he lost his deposit." In that action the defendant prevailed. At some time during the course of the controversy the defendant put the automobile up for sale in a used car lot. While it was there the plaintiff sought and the defendant gave him permission to take the automobile for the purpose of moving some furniture. It was never returned to the defendant by the plaintiff who put it in storage. The plaintiff told the defendant where it was and that if he wanted it he could get it by paying the storage charges. The defendant never made any demand upon the plaintiff for the return of it. Later the defendant signed a complaint in the Roxbury District Court that the plaintiff "did steal . . . [an automobile] of the value of $675" of the defendant. After trial a judge of that court found probable cause and held the plaintiff for the grand jury under bail. The plaintiff remained in custody for a day and a half before he was bailed. Both parties concede in the briefs that the grand jury returned no indictment. Immediately before and at the trial in the Roxbury court the defendant sought the return of the $100 from the plaintiff.

In his brief the defendant concedes that "the evidence of lack of probable cause, slight as it was, may have been sufficient to sustain the burden of proof and prevent a directed verdict," yet he contends that "the plaintiff's evidence was slight and the defendant's evidence was overwhelming" so that the judge should have entered a verdict for the defendant under leave reserved. This contention is not a correct statement of law for it is clear under our decisions that, if there is any evidence to support conten-

tions essential to the maintenance of the cause of action, it must be submitted to the jury. *Brightman* v. *Blanchette,* 307 Mass. 584, 589, and cases cited.

The concession is enough in itself to dispose of the report.

We may add, however, that we think that there was ample evidence of want of probable cause. The applicable principles of law have been fully set forth in *Keefe* v. *Johnson,* 304 Mass. 572, 577, *Higgins* v. *Pratt,* 316 Mass. 700, 709, and *Muniz* v. *Mehlman,* 327 Mass. 353, 358, and need not be restated here. The finding by the judge of the Roxbury District Court was not conclusive but was only evidence to be considered with other evidence on the question of probable cause. *Graves* v. *Dawson,* 133 Mass. 419, 420–421. See *Keefe* v. *Johnson,* 304 Mass. 572, 579. Compare *Broussard* v. *Great Atlantic & Pacific Tea Co.* 324 Mass. 323.

On the evidence here the jury could reasonably find that the defendant did not assert title to the automobile but was seeking only the return of his $100 and that he brought the criminal complaint for that purpose only. The jury could likewise find on facts known to the defendant that the plaintiff had committed no crime. Belief by a defendant that a plaintiff was guilty of a crime has been held to be a necessary part of probable cause. *Keefe* v. *Johnson,* 304 Mass. 572, 579. While absolute certainty is not required, we are satisfied that the jury could warrantably find that here the defendant did not entertain even a reasonable belief in the guilt of the plaintiff.

In accordance with the substance of the stipulation the verdict of the jury is to stand and judgment is to be entered upon it unless it shall be set aside upon the motion of the defendant for a new trial already filed and heard by the judge but not yet acted upon by him.

*So ordered.*