*Northern District*

No. 4897

*District Court of Newton*

No. 2138 of 1951

## LOUIS J. WALDMAN

### v.

## CARL M. HERGENROTHER

(October 31, 1955)

*Brooks, J.* This is an action of tort tried before (*Russell, J.*) arising out of a collision between plaintiff's automobile and defendant's motorcycle. The answer is general denial and contributory negligence.

There was evidence offered by plaintiff that on August 8, 1950, he was operating his automobile on Waltham Street in West Newton in a thickly-settled district around a curve, at a speed of about 25 miles an hour, when he saw defendant approaching at a speed of 50 to 60 miles an hour at a distance of 300 to 400 feet. In answer to defendant's interrogatories, he put the defendant's speed at 35 to 45 miles an hour. Plaintiff testified that he put on the brakes and came to a stop in 5 or 10 feet and was at a standstill when the defendant's motorcycle came over onto plaintiff's side of the street and struck plaintiff's automobile.

The witnesses produced by plaintiff testified that they were passengers in the plaintiff's automobile and that it was stopped when defendant's motorcycle, coming over onto plaintiff's side of the street, ran into plaintiff's automobile.

Admitted in evidence was the following report made by a police officer of the city of Newton:

"On August 8, 1950 about 7:15 A.M., Louis Waldman was operating his Chevrolet sedan south on Waltham Street near 221 and on his right side at a speed of about 25-30 miles per hour and no traffic in front of him.

"About at this location which is at the intersection of Waltham and Crafts Street, his car was suddenly struck directly in the center of the bumper by a motorcycle operated by Karl Hergenrother who was going north on Waltham Street. Mr. Waldman states that he does not know what caused the accident and the first inkling he had of this man operating the motorcycle was when it was in front and against his bumper.

"Hergenrother was taken to the Newton-Wellesley Hospital in the police ambulance and the motorcycle and Chevrolet were towed away.

"No injuries to Waldman or any of his passengers and the weather was clear and streets dry.

S/ Charles H. Marden"
(Police Officer — City of Newton)

Defendant's testimony was to the effect that while he was endeavoring to avoid collision with an automobile coming out of the side street, he observed plaintiff, approaching at a speed of 35 to 45 miles an hour, that he applied his brakes and was practically at a stop when plaintiff's automobile struck his motorcycle with the result that defendant was projected against the plaintiff's windshield with sufficient force to break it. A report given to the police was to a similar effect. The court took a view.

At the close of the evidence, defendant filed the following requests for rulings:

1. On all the evidence and the law, a finding for the Defendant is warranted.

2. On all the evidence and the law, a finding for the Plaintiff is unwarranted.

3. This court is warranted in finding that a violation of law by the Plaintiff contributed to his damage, namely Section 17 of Chapter 90 of our General Laws.

4. This court is warranted in finding that the Plaintiff's negligence contributed to his damage.

5. This court is warranted in finding that the Defendant was not negligent.

6. This court is warranted in finding that the Plaintiff was negligent.

7. On all the evidence and the law, there should be a finding for the Defendant.

8. On all the evidence and the law, there should be a finding that the Plaintiff's negligence was a contributory cause of his damage.

9. On the evidence, this court is warranted in finding that the Plaintiff was operating his motor vehicle just prior to the accident from which this action arises, in a manner which was not consistent with the exercise of due care.

The court allowed requests Nos. 1, 3, 4, 5, 6, and 9, and denied Nos. 2, 7, and 8.

Defendant's whole argument is that the court should have accepted the police report, purporting to give plaintiff's story immediately after the accident, in preference to testimony given in court by him and his witnesses more than four years after the accident. The judge heard the witnesses. He had a right to conclude that the testimony of plaintiff and his witnesses was more reliable than the testimony of defendant and particularly that the police officer's report of what plaintiff stated after the accident was less reliable than what plaintiff himself testified in court.

The same principles apply to a trial before a judge as to a trial before a jury. As the court said in *Niland v. Boston El. Ry.*, 208 Mass. 476, 478:

"The practice in this Commonwealth and generally requires a submission to the jury if there is evidence proper for their consideration, even

though the preponderance may appear so great to the trial judge as to require him (if requested) to set aside one or several verdicts rendered against such preponderance."

See also *Brightman v. Blanchette*, 307 Mass. 584, 589. *Willis v. Gurry*, 331 Mass. 19, 21, 22. *Fulton v. Belmont*, 1955 AS 679, 680.

Report dismissed.

Irving Goodman, for the plaintiff.

William E. Halliday, Jr., for the defendant.