No. 80-28

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

WILLIAM L. WATKINS,

Plaintiff and Appellant,

vs.

SPRING CREEK COLONY, a
church, a Montana domestic
non-profit corporation;
ELI WALTER , DARIUS WALTER et al.,

Defendants and Respondents.

---

Appeal from:  District Court of the Tenth Judicial District,
In and For the County of Fergus.
Honorable LeRoy McKinnon, Judge presiding.

Counsel of Record:

For Appellant:

D. Frank Kampfe, Red Lodge, Montana

For Respondents:

Peter L. Rapkoch, Lewistown, Montana
Parrish, Knopp & O'Hare, Lewistown, Montana
B. Miles Larson, Stanford, Montana

---

Submitted on briefs: March 7, 1980

Decided: July 14, 1980

Filed: JUL 14 1980

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

In 1977 respondents in this action filed a criminal complaint with the Musselshell County Attorney, John Pratt. The complaint alleged that appellant herein had deprived them of some money. As a result of the filing of the criminal complaint, Pratt filed a motion requesting leave to file an information in the District Court charging appellant with felony theft. The motion was granted after a finding of probable cause that appellant committed felony theft by the District Court.

Appellant was subsequently tried on the felony theft charge. The jury in the case was unable to reach a verdict at the conclusion of trial. The charges were ultimately dismissed with prejudice.

In May 1979 appellant filed this action in the District Court of the Tenth Judicial District, in and for the County of Fergus. Appellant's complaint alleged that judicial proceedings had been instigated against him at the insistence of respondents, that the proceedings had terminated in his favor, that respondents had maliciously instituted the proceedings, that there was no probable cause for the proceedings, and that he had suffered damages as a result of the judicial proceedings instigated by respondents. The complaint asked for damages in excess of three million dollars.

Respondents filed motions to dismiss the suit brought by appellant and briefs in support of the motions. Appended to several of the briefs were copies of the motion for leave to file the criminal information filed against appellant and the order of the District Court granting leave to file the

criminal information. The District Court initially denied respondents' motions to dismiss. On further consideration, however, the court granted the motions to dismiss based on the fact that the District Court had found probable cause to allow the charges to be filed against appellant and to have the case submitted to the jury. Because of this judicial finding of probable cause, the court found one of the elements of a claim for malicious prosecution, want of probable cause for the filing of the alleged maliciously prosecuted action, was not present, and, therefore, a cause of action for malicious prosecution did not exist.

After entry of the order granting respondents' motions to dismiss, appellant petitioned the District Court to grant the parties an opportunity to present oral argument on the motions to dismiss. The District Court granted the oral argument. After the hearing the court issued an order leaving its prior order granting the respondents' motions to dismiss in effect. This appeal followed.

Appellant raises the following issues on appeal:

1. Did the District Court err in finding that the determination of the existence of probable cause to file the criminal charges against appellant in the criminal proceedings brought against him precludes a subsequent civil action for malicious prosecution?

2. Did the District Court err in considering matters outside the pleadings in granting respondents' motions to dismiss without providing a hearing before granting the motions?

It is well settled that a judicial determination of probable cause to hold a party answerable to criminal charges does not preclude the party from subsequently bringing suit

-3-

for malicious prosecution. While the fact the party was held to answer the criminal charge is considered prima facie or presumptive evidence of the existence of probable cause, it is not considered conclusive proof of probable cause to initiate the criminal action. De La Riva v. Owl Drug Co. (1967), 253 Cal.App.2d 593, 61 Cal.Rptr. 291, 293; Willis v. Gurry (1954), 331 Mass. 19, 116 N.E.2d 689, 690; Foster v. Banks (1931), 112 Cal.App. 622, 297 P. 106, 107; Annot., 68 A.L.R.2d 1168 (1959).

The trial court here held that the prior determination of probable cause to bring the criminal charges against appellant was conclusive on the probable cause issue in the malicious prosecution case. It then dismissed appellant's suit because, with the conclusive determination of probable cause for the bringing of the criminal action, it would have been impossible as a matter of law for appellant to prove an essential element of a malicious prosecution cause of action. Under the above rule, this decision by the trial court was error.

The decision by the judge in the criminal proceedings that probable cause existed to hold appellant on the criminal charges and submit the case to the jury is not conclusive on the probable cause issue in the malicious prosecution case. It is not, therefore, impossible as a matter of law for appellant to prove the lack of probable cause element of a cause of action for malicious prosecution, and his case should not have been dismissed on that basis. Therefore, the decision of the District Court is reversed and the case remanded for such further proceedings as are necessary to decide the merits of appellant's claim.

Having reversed and remanded this case on the first issue raised by appellant, it is unnecessary to comment on the second issue raised. We do, however, feel it would be helpful in ultimately deciding the case to make one additional note.

Although it is universally held that a prior determination of probable cause constitutes prima facie evidence or presumptive evidence of probable cause at a subsequent malicious prosecution proceeding, there is a split of authority as to the quantum of proof necessary to overcome the presumption. Annot., 68 A.L.R.2d at 1170. Some jurisdictions require the showing of fraud, perjury, or other undue means in obtaining the original determination that probable cause existed to overcome the effect of the prima facie or presumptive evidence of probable cause established by the prior judicial determination of probable cause. See, for example, Lee v. City of Mount Vernon (1979), 68 N.Y.A.D.2d 902, 414 N.Y.S.2d 215, 217; Rodgers v. W. T. Grant Company (Fla. 1976), 326 So.2d 57, 64; Annot., 68 A.L.R.2d at 1190. Other jurisdictions only require a showing of lack of probable cause by a preponderance of the evidence to overcome the presumption of the existence of probable cause raised by a determination of probable cause in a prior proceeding. See, for example, Zalewski v. Gallagher (1977), 150 N.J.Super. 360, 375 A.2d 1195, 1200; Lampos v. Bazar, Inc. (1974), 270 Or. 256, 527 P.2d 376, 383; Annot., 68 A.L.R.2d at 1173.

The latter rule has been adopted in the numerical majority of jurisdictions. We also feel that it is the better reasoned position as it is consistent with our statutes stating a presumption which is not deemed conclusive can be

-5-

controverted by other evidence and setting the normal standard of proof in civil cases as the preponderance of the evidence. See section 26-1-602, MCA; section 26-1-403(1), MCA. We see no reason to impose a higher burden of proof to overcome the presumption here than in other situations.

Therefore, we adopt the majority position. A plaintiff in a malicious prosecution action can overcome the presumption of probable cause raised by a determination of probable cause to hold the plaintiff in a criminal proceeding by showing by a preponderance of the evidence that there was no probable cause for filing the original criminal action.

Thus, should this case proceed to trial, respondents may introduce evidence of the ruling of the District Court that probable cause existed to hold appellant on the criminal charges brought against him. This will be prima facie or presumptive evidence of the existence of probable cause. Appellant can, however, overcome this presumption by showing by a preponderance of the evidence that probable cause to file the criminal action did not exist.

Reversed and remanded.

_____
Justice

We concur:

_____
Chief Justice


_____

_____
Justices

-6-