FILED

March 17 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0687

DA 13-0687

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 86N

DAVID G. VAINIO,

      Plaintiff and Appellant,

  v.

STATE OF MONTANA,

      Defendant and Appellee.

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDV 02-405
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Kevin E. Vainio, Attorney at Law, Butte, Montana

      For Appellee:

        Timothy C. Fox, Montana Attorney General; Andres N. Haladay,
Assistant Attorney General; Helena, Montana

                Submitted on Briefs: February 4, 2015
                         Decided: March 17, 2015

Filed:

                                    _____
                                        Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      This case arises from the prosecution and acquittal of David G. Vainio on criminal charges of false billing to state agencies. Vainio was a licensed practicing optometrist in Montana who contracted with the Montana Department of Corrections (DOC) to provide optometric services at Montana State Prison (MSP) between 1993 and 1997. Under MSP's scheduling policy, DOC staff determined whether an inmate was eligible for an eye exam and scheduled an appointment every two years. If warranted, additional exams and glasses were provided for inmates with vision deficits.

¶3      Under his contract with DOC, Vainio was responsible for billing according to State and Federal Medicaid billing rules, which distinguished between "new" and "established" patients. A patient was "new" if he had not been seen by an optometrist for at least twenty-four months, if ever; all other patients were "established." Optometrists received greater compensation for "new" patient examinations than for "established" patient examinations. Vainio admitted that, without checking, he assumed every patient was a "new" patient for billing purposes.

¶4    In 1997, an auditor at the Montana Department of Justice (DOJ) Medicaid Fraud Control Unit became suspicious that Vainio was overcharging Medicaid for his patients. Dave Schettine, an investigator with the DOJ Division of Criminal Investigation, was assigned to investigate allegations of fraud by Vainio. Based on his investigation and a consulting optometrist's review of medical records, Schettine concluded that Vainio had overcharged MSP for eye exams. Schettine provided his investigatory file to Kathy Seeley and Barbara Harris, prosecutors with the DOJ Medicaid Fraud Control Unit. Seeley and Harris concluded that the facts in the investigatory file established probable cause to believe Vainio had submitted false claims to DOC under § 45-7-210, MCA. On March 17, 1999, Seeley, the lead prosecutor on the case, prepared and submitted a Motion and Supporting Affidavit for Leave to File an Information against Vainio to the District Court.

¶5    On March 18, 1999, Seeley charged Vainio with two felony counts of making false claims to public agencies under § 45-7-210, MCA. The first count accused Vainio of overcharging Medicaid by submitting approximately 475 bills for "new" patients that were actually for "established" patients. The second count accused Vainio of submitting bills for "comprehensive" eye exams that were not actually performed. On June 24, 1999, a jury acquitted Vainio of both charges.

¶6    On June 24, 2002, Vainio filed a complaint asserting eight causes of action: violation of his civil rights under 42 U.S.C. § 1983, false light invasion of privacy, libel, malicious prosecution, interference with prospective economic advantage, negligence in

screening, emotional distress, and negligence in investigation. On November 21, 2002, the District Court granted the State's M. R. Civ. P. 12(b)(6) motion to dismiss Vainio's claims for 42 U.S.C. § 1983 violations, false light invasion of privacy, and libel. Eleven years later, on September 12, 2013, the court granted the State's motion for summary judgment on Vainio's remaining claims. Vainio appeals.

¶7  We review de novo a district court's ruling on a motion to dismiss for failure to state a claim under M. R. Civ. P. 12(b)(6). *White v. State*, 2013 MT 187, ¶ 15, 371 Mont. 1, 305 P.3d 795. "A district court should not dismiss a complaint for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *White*, ¶ 15 (quoting *McKinnon v. W. Sugar Coop. Corp.*, 2010 MT 24, ¶ 12, 355 Mont. 120, 225 P.3d 1221). We also review a district court's grant of summary judgment de novo. *Bailey v. State Farm Mut. Auto. Ins. Co.*, 2013 MT 119, ¶ 18, 370 Mont. 73, 300 P.3d 1149. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c)(3); *Smith v. Burlington N. & Santa Fe Ry. Co.*, 2008 MT 225, ¶ 10, 344 Mont. 278, 187 P.3d 639.

*Dismissal of Vainio's constitutional claims.*

¶8  The District Court determined that Vainio's 42 U.S.C. § 1983 claims fall under the state law tort of malicious prosecution. In the Ninth Circuit, malicious prosecution "is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy." *Usher v. Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)

4

(citing *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc); *Cline v. Brusett*, 661 F.2d 108, 112 (9th Cir. 1981)). As an exception, malicious prosecution is actionable under 42 U.S.C. § 1983 if it is "intended to subject a person to a denial of constitutional rights." *Usher*, 828 F.2d at 561 (quoting *Bretz*, 773 F.2d at 1031) (internal quotation marks omitted).

¶9 Vainio's complaint alleged that the State violated his Fourth, Fifth, and Fourteenth Amendment rights by searching and seizing MSP inmate eye exam records without probable cause, conspiring to maliciously accuse him of criminal conduct, filing exaggerated felony charges without probable cause, submitting incomplete patient records to expert witnesses, and charging him for violating improperly adopted Medicaid rules. Except for Vainio's allegations that the investigator submitted incomplete information to the medical expert and that the prosecutors charged him under an improperly adopted rule, these claims all are subsumed within Vainio's claim for malicious prosecution.

¶10 Despite Vainio's allegation that the investigator submitted incomplete information to the medical expert, in the twelve years between the District Court's dismissal of Vainio's constitutional claims and Vainio's appeal, he has not identified any information missing from the investigator's report that could have made any difference in the prosecutor's decision to charge him.

¶11 Vainio's allegation that he was charged under an improperly adopted law is based on this Court's determination in a related case that the reimbursement rates for "new" and

5

"established" patients were not validly adopted in compliance with the Montana Administrative Procedure Act. *State v. Vainio*, 2001 MT 220, ¶¶ 49-50, 306 Mont. 439, 35 P.3d 948. The District Court concluded that Montana's improper adoption of Medicaid billing requirements is irrelevant because the charges against Vainio were based on his contractual agreement to use the fee schedules for his billing. Additionally, to state a claim under 42 U.S.C. § 1983, Vainio must demonstrate a deprivation "of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S. Ct. 662, 664 (1986). A plaintiff's alleged right to have a state law strictly obeyed is not a federal right protected by 42 U.S.C. § 1983 or by the United States Constitution. *McKinney v. George*, 556 F. Supp. 645, 651 (N.D. Ill. 1983), *aff'd*, 726 F.2d 1183 (7th Cir. 1984); *Zimmerman v. Hoard*, 5 F. Supp. 2d 633, 637 (N.D. Ind. 1998). Vainio has not demonstrated that the contract's reliance on reimbursement rates that were not adopted in compliance with state law violates his federal rights.

¶12 Further, a state prosecuting attorney acting within the scope of her duties "in initiating and pursuing a criminal prosecution" cannot be sued under 42 U.S.C. § 1983. *Kalina v. Fletcher*, 522 U.S. 118, 124, 118 S. Ct. 502, 506 (1997) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410, 96 S. Ct. 984, 985 (1976)) (internal quotation marks omitted). This absolute prosecutorial immunity extends to the State of Montana. *State ex rel. Dep't of Justice v. Dist. Court*, 172 Mont. 88, 92-93, 560 P.2d 1328, 1330 (1976). In

6

*Kalina*, a prosecutor did not have absolute immunity when she acted outside the scope of her duties by "personally vouch[ing] for the truth of the facts set forth" in a certification for determination of probable cause. *Kalina*, 522 U.S. at 121, 131, 118 S. Ct. at 505, 510. Vainio argues that this exception applies. We disagree. Seeley did not personally vouch for the truth of facts set forth in the investigatory file, but merely stated her belief that there was probable cause to prosecute Vainio based on information presented to her. She was thus entitled to absolute prosecutorial immunity in filing and maintaining criminal charges against Vainio. The court did not err in dismissing Vainio's constitutional claims.

*Dismissal of Vainio's false light invasion of privacy and libel claims.*

¶13    Vainio's libel and false light invasion of privacy claims are based on the State's press release announcing his prosecution. Vainio's libel claim is barred by the two-year statute of limitations under § 27-2-204(3), MCA (2001). Although we agree with Vainio that his false light invasion of privacy claim was timely filed under § 27-2-204(1), MCA (providing a three year statute of limitations for general tort claims) and § 2-9-301(2), MCA (tolling the statute of limitations for 120 days upon the Department of Administration's receipt of a claim), the District Court's dismissal nonetheless was proper. A publication must be false for a plaintiff to succeed on an action for false light invasion of privacy. *Bd. of Dentistry v. Kandarian*, 268 Mont. 408, 413, 886 P.2d 954, 957 (1994); Restatement (Second) of Torts § 652E, cmt. a. The press release truthfully described Vainio's charges, which are a matter of public record. *See* § 44-5-103(13),

7

MCA. The court thus properly dismissed Vainio's false light invasion of privacy and libel claims.

*Grant of summary judgment on Vainio's malicious prosecution claim.*

¶14 To prevail on a claim for malicious prosecution, a plaintiff must produce prima facie evidence that "there was a lack of probable cause for the defendant's acts." *White*, ¶ 31. Probable cause for prosecution means "reasonable grounds for suspicion, supported by circumstances reasonably strong in themselves to warrant a reasonably prudent and cautious [person] to believe that the accused is guilty of the offense charged." *White*, ¶ 36 (quoting *Plouffe v. Mont. Dep't of Pub. Health & Human Servs.*, 2002 MT 64, ¶ 18, 309 Mont. 184, 45 P.3d 10) (internal quotation marks omitted) (alteration in original). "A judicial determination of probable cause to hold a party answerable to criminal charges is considered prima facie or presumptive evidence of the existence of probable cause" that may be overcome only if the plaintiff shows "by a preponderance of the evidence that there was no probable cause for filing the original criminal action." *White*, ¶ 37 (quoting *Watkins v. Spring Creek Colony*, 188 Mont. 467, 469-71, 614 P.2d 508, 510-11 (1980)) (internal quotation marks omitted).

¶15 Based on the order granting leave to file the information, and on its independent review, the District Court determined that probable cause existed to charge Vainio. As noted above, Vainio has not identified any information allegedly withheld from the consulting optometrist that was material to the expert's conclusions or could have undermined the State's decision to file charges. Vainio has not overcome the

8

presumption that probable cause existed for Seeley to file the charges. The court properly granted summary judgment to the State on Vainio's malicious prosecution claim.

*Grant of summary judgment on Vainio's claim for interference with prospective economic advantage.*

¶16 Intentional interference with prospective economic advantage must (1) be intentional and willful; (2) be calculated to cause damage to the plaintiff's business; (3) be done with the unlawful purpose of causing damage or loss; and (4) result in actual damages or loss. *Maloney v. Home & Inv. Ctr., Inc.*, 2000 MT 34, ¶ 41, 298 Mont. 213, 994 P.2d 1124 (citations omitted). The absence of any one element is dispositive. *See Victory Ins. Co., Inc., v. Mont. State Fund*, 2015 MT ____, ¶ 14, ___ Mont. ___, ___ P.3d ___. Because Vainio did not prove lack of probable cause, he necessarily fails to meet the third element—unlawful purpose. Further, under § 27-2-204(1), MCA, this claim is barred by the three-year statute of limitations because Vainio's contract with the State expired on October 31, 1997, and was not renewed. The District Court correctly rejected Vainio's continuing tort theory. The statute of limitations ran on this claim on October 31, 2000, nearly two years before Vainio filed his complaint. The court properly granted summary judgment to the State on Vainio's claim for interference with prospective economic advantage.

*Grant of summary judgment on Vainio's claim for negligence in screening.*

¶17 Vainio argues that the court improperly granted summary judgment to the State on his negligence in screening claim because he "played no part in the process of screening

for eligibility under the 2 year rule and scheduling for inmates." The scheduling staff had nothing to do with billing, which Vainio does not dispute was his responsibility and which was the basis of the criminal charges against him. Vainio also has not established that the State owed him a legal duty with regard to scheduling "new" and "established" patients. *See Debcon, Inc. v. City of Glasgow*, 2001 MT 124, ¶ 29, 305 Mont. 391, 28 P.3d 478 (absent a legal duty, there is no negligence). The court thus properly granted summary judgment to the State on Vainio's negligence in screening claim.

*Grant of summary judgment on Vainio's claim for emotional distress.*

¶18 A plaintiff claiming emotional distress must show that he suffered emotional distress "so severe [that] no reasonable person could be expected to endure it." *White*, ¶ 41 (quoting *Feller v. First Interstate Bancsystem, Inc.*, 2013 MT 90, ¶ 34, 369 Mont. 444, 299 P.3d 338) (alteration in original). "[S]ummary judgment is appropriate for disposing of an emotional distress claim that lacks sufficient evidentiary support." *White*, ¶ 43 (citing *Renville v. Fredrickson*, 2004 MT 324, ¶¶ 4-7, 16, 324 Mont. 86, 101 P.3d 773). There is no evidence in the record that Vainio suffered severe emotional distress; being forced to defend against criminal charges alone does not create a claim for severe emotional distress. *White*, ¶ 44. The court thus properly granted summary judgment to the State on Vainio's emotional distress claim.

*Grant of summary judgment on Vainio's negligence in investigation claim.*

¶19 This court has never recognized a separate cause of action for negligence in investigation, and we decline to create a new cause of action here, particularly because

10

Vainio's alleged damages under this count are indisputably the direct consequence of his criminal prosecution, not the investigation.

¶20 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Vainio has not met his burden to establish a genuine issue of material fact, and the legal issues are controlled by settled law, which the District Court correctly interpreted. We affirm.


/S/ BETH BAKER

We concur:

/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

11