[No. 9838.    Department Two. — March 20, 1888.]

JOHN DIEMER, APPELLANT, v. JOHN HERBER, RESPONDENT.

MALICIOUS PROSECUTION — COMMITMENT BY MAGISTRATE — PROBABLE CAUSE — MALICE. — In an action for malicious prosecution, the fact that the plaintiff, after an examination by the committing magistrate, was held to answer, is not conclusive evidence that the prosecution complained of was with probable cause and without malice.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*L. Quint*, for Appellant.

The nonsuit was improperly granted, as the evidence shows malice and want of probable cause. (*Harkrader* v. *Moore*, 44 Cal. 149; 2 Greenl. Ev., sec. 455; *Ringgold* v. *Haven*, 1 Cal. 116; *Grinnell* v. *Stewart*, 32 Barb. 544.)

*Edw. S. Solomon*, and *Henry Eickhoff*, for Respondent.

The record shows neither want of probable cause nor malice on the part of the defendant in maintaining the prosecution complained of. (*Jones* v. *Jones*, 71 Cal. 89; *Grant* v. *Moore*, 29 Cal. 654; *Ganea* v. *S. P. R. R. Co.*, 51 Cal. 140.)

Foote, C.—This is an action for damages for a malicious prosecution.

A jury was impaneled to try the issues joined, and evidence was introduced on the part of the plaintiff. Thereupon the defendant moved for a nonsuit, and it was granted. From the judgment therein given and made, and from an order refusing a new trial, this appeal is prosecuted.

The facts of the case, as they appeared in evidence, are as follows: The plaintiff and the defendant got into a discussion as to whether any watch could be found in San Francisco which would run longer than a week without being wound up. The defendant was willing to bet five dollars against a hundred that no such watch could be produced. Finally the parties each bet and put up a hundred dollars, the plaintiff betting that sum that he could, and the defendant betting that he could not, produce such a watch. Then the plaintiff produced a watch that he said would run longer than a week, and was told by the defendant to take the money which had been put up on the wager.

The plaintiff, in accordance with this permission and request, took the money and went out of the defendant's premises. In a very few minutes the defendant sent a messenger after him to bring back the money, or he would be arrested. The plaintiff, thinking he had won the money fairly, treated the demand with scorn. Afterward, through his attorney and others, the defendant endeavored to induce the plaintiff to return the whole, and then a part, of the money, one of the propositions

made being, that if the plaintiff would pay back fifty dollars, the defendant would "have it published in all the papers in San Francisco that he was wrong." Finally the defendant and one McPherson came to the plaintiff to see him about the matter, and were told that the plaintiff would not pay a cent.

Then the defendant had the plaintiff arrested, and after a preliminary examination he was bound over to the superior court to answer a charge of grand larceny. An information was duly filed against the plaintiff, accusing him of that crime in stealing one hundred dollars from the defendant. This information was dismissed upon motion of the prosecuting attorney, for the reason that there was "no evidence to convict." The plaintiff then instituted this action.

As the matter appears to us, the defendant, having made a foolish bet in a vein of braggadocio, and given up the money he had staked, repented of it in a very short time, and sought to get his money back. Finding that the person he had bet with treated the affair as serious, he tried the influence of lawyers and friends to get back that which he had thus wagered. This not bringing about the desired result, he had the defendant arrested, charged with an infamous offense, and he sued him also civilly to recover the money, and obtained a judgment. He succeeded by this latter means in accomplishing the desired result.

From the evidence before us, there does not appear to have been the least ground to believe that the plaintiff had committed a larceny. And it is hardly comprehensible how the defendant could have believed in good faith that such a crime had been committed. The whole affair, so far as the defendant is concerned, exhibits a reckless disregard of the rights and character of the plaintiff, and a willingness to resort unjustly and without any proper foundation to the harsh arm of the law, in the shape of a criminal prosecution.

The fact that plaintiff was held to answer by the committing magistrate does not alter the case. The fact is *prima facie* evidence of probable cause (*Ganea* v. *S. P. R. R. Co.*, 51 Cal. 140); but it is not conclusive. That is to say if the defendant was clearly guilty of having instituted a malicious prosecution against plaintiff without probable cause, the fact that the committing magistrate held plaintiff to answer does not take away the malice, or establish conclusively that there was probable cause. We do not understand the case of *Jones* v. *Jones*, 71 Cal. 89, or *Hahn* v. *Schmidt*, 64 Cal. 284, to be in conflict with the foregoing. Those cases, as we understand them, went upon the theory that there was reliance upon the advice of counsel after a full disclosure of the fact,—the counsel being the officers designated by the law to act in such affairs.

The judgment and order should be reversed, and the cause remanded for a new trial.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed and cause remanded for a new trial.