[Sac. No. 1469. In Bank.—March 13, 1908.]

## A. H. CARPENTER, Appellant, v. W. F. SIBLEY et al., Respondents.

MALICIOUS PROSECUTION—SUFFICIENCY OF COMPLAINT—MALICE—WANT OF PROBABLE CAUSE—CRIMINAL CONVICTION PROCURED BY FRAUD.— Though, to sustain a malicious prosecution, both malice and want of probable cause must be alleged; yet the averment of a criminal conviction is not inconsistent with the averment of want of probable cause, where it is alleged to have been obtained by fraud of the defendants, and their use of evidence known to be perjured and by their intimidation and coercion of the jury to render a false verdict against the plaintiff.

ID.—EXTRINSIC FRAUD NOT REQUIRED.—The rule that only extrinsic fraud can be shown to set aside a judgment, does not apply to the case of a malicious prosecution and conviction of the plaintiff without probable cause, alleged to have been procured directly by fraud and perjured testimony, and unfair conduct on the part of the defendants.

ID.—ERRONEOUS EXCLUSION OF EVIDENCE.—Where the complaint states a cause of action for malicious prosecution, it is erroneous to exclude evidence in support of the cause of action alleged.

APPEAL from a judgment of the Superior Court of San Joaquin County. F. H. Smith, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, *in pro. per.*, for Appellant.

Nicol & Orr, Louttit & Louttit, and C. L. Neumiller, for Respondents.

HENSHAW, J.—Plaintiff filed his complaint against the defendants, the district attorney and the sheriff of San Joaquin County, with others, seeking a recovery for malicious prosecution. Defendants interposed a general demurrer to the complaint, which was overruled. Subsequently they joined issue by answering, a jury was impaneled at the request of the plaintiff, and defendants again interposed their general demurrer in the form of objection to the introduction of any evidence because of insufficient facts alleged in the complaint. This objection was timely, since it may be interposed at any stage of the case. (*Buckman* v. *Hatch,* 139 Cal. 53, [72 Pac. 445]; *Bell* v. *Thompson,* 147 Cal. 689, [82 Pac. 327]; *Hall* v. *Linn,* 8 Colo. 264, [5 Pac. 643].) The court sustained this objection, and, plaintiff declining to amend, a judgment of dismissal was entered and plaintiff appeals.

Plaintiff charged in his complaint that the district attorney and the assistant district attorney and the sheriff and other persons maliciously and feloniously conspired and agreed to falsely charge and accuse the plaintiff of the crime of subornation of perjury, and to convict and punish him therefor; that in pursuance of this conspiracy the conspirators unlawfully procured false evidence to be given before the grand jury of the county, by means of which false evidence they caused plaintiff to be wrongfully and unlawfully indicted for the crime of subornation of perjury; that the indictment was insufficient in form and substance and did not state a public offense; that it was presented to the superior court. Plaintiff was arraigned thereon and pleaded not guilty. Subsequently his trial was had before a jury, and "the said conspirators then and there, during the trial of said case, made use of the false and perjured evidence of thieves and perjurers, which they had corruptly and maliciously procured by means of promises of immunity from crimes and other inducements, and offered and introduced such testimony, which they then and there knew to be false, in evidence at said trial against plaintiff." There then follow allegations of intimidation whereby the jury was

coerced into bringing in a false verdict; that judgment of guilty was entered upon the verdict, and plaintiff was sentenced to a term of imprisonment; that he appealed to the supreme court of the state, making application for bail and for a certificate of probable cause pending his appeal, and that the granting of the one and the issuance of the other were opposed by defendants; that he suffered two hundred and sixty-one days of imprisonment; that the supreme court reversed the judgment and the cause was remanded for a new trial, and subsequently, upon the application and motion of the district attorney made in open court, the superior court dismissed the action and ordered plaintiff released and his bondsmen discharged.

Respondents' argument, in support of their contention as to the insufficiency of the complaint, is, that in order to support an action for malicious prosecution the plaintiff must allege malice and want of probable cause for instituting the action complained of, and this of course is well settled. (*Holliday* v. *Holliday*, 123 Cal. 26, [55 Pac. 703]; *Dowdell* v. *Carpy*, 129 Cal. 168, [61 Pac. 948].) They urge further that probable cause is shown by a judgment of conviction, even though that judgment be afterwards reversed, and there is authority of much weight supporting this contention. (*Root* v. *Rose*, 6 N. Dak. 575, [72 N. W. 1023]; *Nehr* v. *Dobbs*, 47 Neb. 867, [66 N. W. 864].) Respondents next contend that the complaint itself shows plaintiff's conviction and thereby conclusively establishes, against his pleading, the presence of probable cause for his prosecution. Respondents recognize that the general principle that the conviction establishes probable cause is subject to the modification that the judgment of conviction has not been procured by fraud at the instance or instigation of the defendants. Such, of course, is the established rule. (*Holliday* v. *Holliday*, 123 Cal. 26, [55 Pac. 703]; *Crescent Live Stock Co.* v. *Butchers' Union*, 120 U. S. 141, [7 Sup. Ct. 472].) Respondents then argue that the only fraud which will avail the plaintiff to overcome the presumption of probable cause established by the conviction is extrinsic fraud which would justify an action to set aside the judgment. Here respondents fall into error. The rule that only extrinsic fraud may be made the basis of an action to set aside a judgment is a rule founded in necessity. It is to the

interest of the state that there should be an end to litigation. If it were permitted that a litigant could maintain an action to overthrow a judgment upon the ground that perjured testimony had been employed against him, or upon any other ground than extrinsic fraud, litigation would have no end. (*Pico* v. *Cohn*, 91 Cal. 129, [25 Am. St. Rep. 159, 25 Pac. 970, 27 Pac. 537].) But this is very far from saying that because the law denies to a litigant this particular form of redress for such an injury, it denies him any redress whatsoever. Certainly if a man has procured an unjust judgment by the knowing use of false and perjured testimony, he has perpetrated a great private wrong against his adversary. If that judgment is in the form of a judgment of criminal conviction, it would be obnoxious to every one's sense of right and justice to say that because the infamy had been successful to the result of a conviction, the probable cause for the prosecution was thus conclusively established against a man who had thus been doubly wronged. Therefore, while it may be true, that the fraud alleged in this complaint is not such a fraud as would support an action for the setting aside of a judgment, it is still a fraud which will support an action for a remedy for the private wrong thus committed. So we find it laid down that the general rule now is, "that if the declaration or complaint shows a conviction of the plaintiff, yet if it be averred that the conviction was procured by fraud, perjury or subornation of perjury, or other unfair conduct on the part of the defendant, the presumption of· probable cause is effectually rebutted." (13 Ency. of Plead. & Prac., p. 449 and note; *Spring* v. *Besore*; 12 B. Mon. (Ky.) 555; *Ross* v. *Hixon*, 46 Kan. 550, [26 Am. St. Rep. 123, 26 Pac. 955]; *Crescent Live Stock Co.* v. *Butchers' Union*, 120 U. S. 141, [7 Sup. Ct. 472] )

It follows from the foregoing that the court erred in sustaining defendants' objection to the introduction of evidence and in dismissing the action. Therefore, it is ordered that the judgment be reversed and the cause restored to the calendar of the trial court.

Shaw, J., Angellotti, J., Sloss, J., McFarland, J., and Lorigan, J., concurred.