[Civ. No. 6536. Second Appellate District, Division Two.—March 17, 1931.]

H. H. FOSTER, Respondent, v. MAUDE STOCK BANKS, Appellant.

RENA E. FOSTER, Respondent, v. MAUDE STOCK BANKS, Appellant.

R. D. Knickerbocker and Walter D. Tilleson for Appellant.

Walter S. Coen for Respondents.

ARCHBALD, J., *pro tem.*—H. H. Foster and Rena E. Foster, husband and wife, the plaintiffs and respondents, each filed separate complaints in the superior court for damages for alleged malicious prosecution, against the defendant and appellant, Maude Stock Banks. Afterward on stipulation to that effect an order was made consolidating the cases for the purposes of trial, the jury to return one verdict in both cases, one memorandum of costs to be filed, and it was further stipulated and ordered that "in all further proceedings said actions shall be treated as one case". The actions so consolidated were tried before a jury, which returned a verdict in favor of the plaintiffs for $2,500, of

which amount $1500 was designated as actual and $1,000 as exemplary damages. From the judgment entered upon said verdict and from an order denying defendant's motion for a new trial the defendant has appealed.

The plaintiffs were employed by one John M. Seitz at his home near Covina called "The Cloisters", for several years, when the estate was sold to the defendant, the plaintiffs continuing in her employment after such sale. On July 20, 1922, appellant swore to a complaint before the justice of the peace of Covina township, charging respondents with stealing certain household furniture and furnishings of the value of approximately $1,000; thereafter and before the trial thereof in said Covina township appellant swore to another complaint before a justice of the peace of Los Angeles township charging plaintiffs with the crime of grand larceny, on which complaint plaintiffs were held to answer to the superior court. The case pending in the justice's court of Covina township was dismissed on motion of the district attorney two days after filing of the complaint in the justice's court of Los Angeles township. An information was filed in the superior court February 16, 1923, to which the plaintiffs here, as defendants, pleaded "not guilty". The cause was partly tried beginning June 6, 1923, ending with the disagreement of the jury, and the case was dismissed on motion of the district attorney on account of insufficiency of the evidence and respondents' bonds were exonerated.

Appellant contends that the warrant was issued only after the district attorney had made an independent investigation and advised her to do so and after a full and fair disclosure of all the facts to him and to her own attorney, who also advised her she had probable cause, but that he preferred to lay the matter before the district attorney's office before anything was done. The above facts were substantially alleged as a separate defense to the action, as well as the further fact that she filed the complaints in good faith after receiving such advice; and it is argued that appellant's actions after such disclosures and under such circumstances do not make her liable in damages for malicious prosecution. Respondents admit the rule of law contended for by appellant, but urge that as to the district attorney, the evidence does not show that any independent investigation was made

by him, and that even if it did, as to the ownership of the property, which would seem to be the crucial question in the case, he would necessarily rely on appellant's statement and if that was not true his advice would not be a defense. There is no question but that the goods were found in the possession of the plaintiffs. The evidence is very conflicting as to whether they belonged to the plaintiffs or the defendant. The appellant testified that she bought the property in question from Mr. Seitz, who sold her the real estate. The respondents testified that many of the articles were given them by appellant when she refurnished the house, that others were bought by them in the middle west and brought to California, while other small articles were given them by Mr. and Mrs. Seitz. There is also evidence in the record which if believed by the jury would support the conclusion not only that no steps were taken by the plaintiffs to conceal these goods, but that some of them were moved on appellant's trailer and with her knowledge to a residence belonging to the plaintiffs and then were afterwards moved back to a bungalow on appellant's property, and as to two rugs involved, one witness testified that appellant said: "Yes, wasn't I a fool for giving her those rugs." It also appears in the record, as we have said, that at the trial the jury in the superior court disagreed, and, as we have said, respondents were held to answer to the superior court. ▪ The fact alone that reasonable men divided on the question of guilt or innocence would of itself seem to be slight, if any, evidence of the existence of probable cause, but there is no question but that the fact that respondents were held to answer is *prima facie* evidence of probable cause, but it is not conclusive (*Diemer* v. *Herber,* 75 Cal. 287 [17 Pac. 205]), and while the burden of proof is upon the plaintiff in an action for malicious prosecution to show want of probable cause, there is ample evidence in the record here, if believed by the jury, to overcome such *prima facie* showing of the existence thereof.

▪ Malice in an action for malicious prosecution is always a question of fact for the jury, but the question of whether or not the defendant in such an action had or had not probable cause for instituting the same is always a matter of law for the court. ▪ In this case, as we have said, the question was as to the ownership of the property and

the evidence was conflicting. The jury might have found either way, depending entirely upon their view as to the effect and value of the evidence, and in such a case the jury must pass upon the facts and determine whether or not they warrant or reject an inference of probable cause. (*Franzen* v. *Shenk*, 192 Cal. 572, 578 [221 Pac. 932].) In that regard the court here instructed the jury as follows: "In order for you to return a verdict in favor of the plaintiffs you must be convinced that the criminal proceedings instituted by the defendant were instituted without probable cause. The burden of proving affirmatively that the defendant acted without probable cause is on the plaintiff and the question of whether the defendant had or had not probable cause for instituting the arrest and prosecution of the plaintiffs is matter of law for the court. You are therefore instructed that if you find from the evidence that the defendant caused the arrest and prosecution of the plaintiffs on the charge of stealing personal property from her and at the time did not believe that he or she had stolen anything from her, and that she did not have sufficient knowledge as a cautious and prudent person to believe the plaintiffs guilty of stealing property, then as a matter of law there was no probable cause for the arrest and prosecution of the plaintiffs, and if you find that in causing the arrest of plaintiffs, defendant acted maliciously, your verdict should be for the plaintiffs."

"I think I may state that in a little more simple language, ladies and gentlemen of the jury. As already stated to you, before there can be any verdict in favor of the plaintiffs in this case two things must be proved to exist; first, that the prosecution was without probable cause; and secondly, that it was malicious. Now the court will instruct you upon the question of probable cause, that if at the time the defendant in this action caused the arrest of the plaintiffs she did not honestly believe or have a well-founded justifiable suspicion that the plaintiffs had stolen some of her property, then, of course, there was no probable cause. On the other hand, if at that time she had any reasonable grounds for a justifiable suspicion that they had taken any of her property, then it was probable cause."

The above instruction seems to put the disputed question of ownership up to the jury as fairly as the appellant could

ask. Under it if the jury found from the facts that she was the owner, or even honestly thought she was, their verdict would have been in her favor. On the contrary, if they found the claim of respondents was true they could hardly infer that appellant believed they had stolen the goods from her.

On the question of advice of counsel, the court instructed the jury as follows: "If you find from the evidence that the defendant, in good faith, communicated to counsel all the material facts known to her, affecting the question of the guilt of the plaintiffs before a warrant was issued, and then acted upon the advice of counsel, probable cause has been established and you should find for the defendant.

"The advice of counsel is no protection for a party who acts maliciously and knows that the party whom she is prosecuting is not guilty, and further knows that all of the acts which the party against whom she complained of are all consistent with the natural innocence of the accused, and if she proceeds under such circumstances, advice of counsel is no protection, and she would be liable for the damage done." ■ Again, the disputed question of ownership, in which is involved the good faith of the disclosure, is left for the jury to determine, for if they found that appellant owned the goods there could be no question of her good faith in communicating to counsel, although she might have acted maliciously, but if she acted maliciously and knowing respondents owned the property she charged them with stealing it then the advice of counsel was no protection.

■ If she knew that respondents were claiming title to the property or that she did not own it, and failed to disclose either fact to the district attorney, or her own attorney, there could not have been a full and fair recital of facts, and unless it was shown that they learned such facts from some other source she could not rely upon their advice to establish probable cause. (*Burke* v. *Watts,* 188 Cal. 118 [204 Pac. 578].) Or, in other words, if their advice was based entirely on a false statement of fact by appellant as to the ownership of the goods, it would be no defense to the action of malicious prosecution. (*Franzen* v. *Shenk, supra.*)

■ There is no evidence in the record that the district attorney made an independent investigation upon which his

advice was based, even assuming that he did not have to rely upon appellant's statement to him in that regard. Appellant did not testify that he told her he had made an investigation. The entire testimony is as follows: "Q. And did you state the facts to Major McClelland [the deputy district attorney] that you had stated to Mr. Ricketts [her own lawyer]? A. I did. Q. And what action did Major McClelland advise you to take? A. As I remember, he said he would like to investigate it, take a couple of days to investigate it. Q. Then did you come back to Major McClelland's office again? A. I did. Q. And did Major McClelland advise you to sign that complaint charging them with grand larceny? A. He did, after he made his investigation, three days, I think, later." The witness' assumption that an investigation was made is far from legal evidence of such an act.

We see no error in the instructions given by the court, or in refusing to give the two requested instructions by appellant, one of which was for an instructed verdict, and the other covered the defense of advice of counsel, which was substantially covered by instructions given.

With regard to the appeal from the order denying the motion for a new trial, it is sufficient to say there is no appeal from such an order (sec. 963, Code Civ. Proc.), although any error in that regard would be reached by the appeal from the judgment.

Appeal from order dismissed. Judgment affirmed.

Works, P. J., and Craig, J., concurred.