105 Cal.Rptr.2d 486 (2001)
87 Cal.App.4th 1337
Raul WILSON et al., Plaintiffs and Appellants,
v.
PARKER, COVERT & CHIDESTER et al., Defendants and Respondents.
Raul Wilson et al., Plaintiffs and Appellants,
v.
Mark Williams, Defendant and Respondent.
Raul Wilson et al., Plaintiffs and Appellants,
v.
Carl Axup et al., Defendants and Respondents.
Nos. E025710, E025832, E026853.
Court of Appeal, Fourth District, Division Two.
March 26, 2001.
Review Granted June 20, 2001.
*488 Law Offices of Yvonne M. Renfrew and Yvonne M. Renfrew, Santa Monica, for Plaintiffs and Appellants.
Ericksen, Arbuthnot, Kilduff, Day & Lindstrom, Inc., Mark L. Kiefer, Los Angeles, and Laine E. Hedwall for Defendants and Respondents Parker, Covert & Chidester, Spencer E. Covert and Mark Williams.
Reich, Adell, Crost & Cvitan, Paul Crost and Carlos R. Perez, Los Angeles, for Defendants and Respondents Reich, Adell, Crost & Cvitan and Marianne Reinhold.
Stream & Stream, Inc., David D. Werner and Jamie Wrage, Riverside, for Defendants and Respondents Carl Axup and K.T. Bowers.
Certified for Partial Publication.[*]

*487 OPINION
WARD, J.
In an action for damages for malicious prosecution, plaintiffs and appellants appeal from judgments entered in favor of defendants and respondents, after the trial court sustained defendants' demurrers to plaintiffs' complaint without leave to amend. We affirm the judgments.

I. PROCEDURAL BACKGROUND
In July of 1996, protest demonstrations outside a public middle school resulted in litigation. The school teachers and administrators who had been the targets of the protestsDavid Kuzmich, Carl Axup, K.T. Bowers, Ellen Schwartz, Pamela Wilson and Carole Castle ("Teachers")filed a joint petition for an injunction prohibiting harassment, pursuant to Code of Civil Procedure section 527.6.[1] (Kuzmich v. Mexican Political Ass'n., (Super Ct. Riverside County, 1970, No. 283066.) The action ("Teachers' action") sought temporary and permanent injunctive relief against the Mexican Political Association ("MPA") and five individuals, including Raul Wilson ("Wilson;" collectively, the "Protesters"). The Teachers' petition was subsequently amended to add claims by four of the Teachers (Axup, Bowers, Castle, and Schwartz) for damages for defamation and both intentional and negligent infliction of emotional distress.
The injunctive-relief claim in the Teachers' action was tried in August of 1996.[2] Thereafter, the trial court issued a permanent *489 injunction in favor of five of the six Teachers (Axup, Bowers, Castle, Kuzmich, and P. Wilson) and against the MP A, Wilson, and five other individual Protesters. No ruling was made on the Teachers' damage claims.
The MPA, Wilson, and most of the other enjoined Protesters appealed from the order granting the injunction. (Kuzmich v. Mexican Political Ass'n., supra, E019394, E020142.) In an opinion filed in May of 1998, we reversed that order. As we explained, an injunction pursuant to section 527.6 is a permanent injunction that may not be issued except after a plenary trial of all relevant evidence. Instead, the trial court arbitrarily excluded all oral direct, redirect, and rebuttal testimony. "We conclude[d] that, by excluding all oral testimony except cross-examination, the trial court violated the requirement of section 527.6 to receive all relevant testimony, abused its discretion under Evidence Code section 352, and deprived the defendants of their due-process right to a full and fair hearing of their defense to the accusations against them. Therefore, the injunction granted at the conclusion of that defective hearing was improperly issued...."
Meanwhile, Wilson and the MPA, among others, arguing that the entire Teachers' action was a SLAPP (strategic lawsuit against public participation) suit, brought a special motion to strike the Teachers' complaint pursuant to section 425.16, subdivision (b). The trial court denied that motion in January of 1997.[3]
The moving parties challenged that adverse ruling by petitioning this court for a writ of mandate directing the trial court to grant the motion and dismiss the Teachers' action. (Martinez v. Superior Court Aug. 29, 1997) E020044 [nonpub. opn.].) In a written opinion issued in August of 1997, we determined that the trial court should have dismissed the Teachers' action as to at least three defendants, including Wilson and the MPA.[4] Accordingly, we held: "The petition for writ of mandate is granted in part and denied in part. Let a peremptory writ of mandate issue, directing the superior court to vacate its order denying petitioners' motion under section 425.16, and to enter a new order in conformity with the views expressed herein after such further proceedings as it deems necessary." Our remittitur in case no. E020044 was issued on November 4, 1997.
The clerk of this court was never asked to issue a formal writ of mandate. Nevertheless, on November 14, 1997, the trial court entered a minute order providing in relevant part: "On the 1st Amended Petition for Injunction Prohibiting Harassment of Kuzmich[, et al.,] Defendant[s]/Cross[-]Defendant[s] RAUL WISON, JESSE HOLMES, [and] MEXICAN POLITICAL ASSOCIATION Ordered dismissed. [¶] ... [¶] PREVIOUSLY DISMISSED DEFENDANTS WERE DISMISSED PURSUANT TO THE OPINION OF THE COURT OF APPEAL. ATTORNEY JASON R. WELSH TO PREPARE APPROPRIATE ORDER."
For reasons that do not appear from the record, no formal order of dismissal was submitted to the trial court by Walsh or anyone else until June of 1998. The order dismissing Wilson and the MPA was ultimately signed and entered on June 15, 1998.
Less than one year later, in April of 1999, Wilson and the MPA ("Plaintiffs") sued the Teachers (Kuzmich, Axup, Bowers, Schwartz, P. Wilson, and Castle), together with the law firms and attorneys for those parties: Parker, Covert & Chdester *490 ("PC & C"), Spencer Covert, and Mark Williams, who had represented all six Teachers in their action; and Reich, Adell, Croft & Cvitan ("RAC & C") and Marianne Reinhold, who had represented only the four Teachers who had sued for damages as well as for injunctive relief. (Collectively, the Teachers and their attorneys shall be referred to as the "Defendants.") Alleged in four causes of action, Plaintiffs' complaint seeks damages on theories of malicious prosecution (first cause of action), conspiracy (second cause of action), intentional infliction of emotional distress (third cause of action), and negligence (fourth cause of action).
In four separate groups, most of the Defendants then demurred to the complaint: PC & C and Covert; RAC & C and Reinhold; Williams; and Axup and Bowers. The trial court sustained each of the four demurrers and dismissed the action as to those demurring Defendants. Plaintiffs appealed.[5] (E025710, E025832, & E026853.) We have consolidated those appeals for decision.

II. ISSUES
In appealing from the orders of dismissal, Plaintiffs challenge only those portions of the rulings sustaining the demurrers to the first cause of action, for malicious prosecution.
Malicious prosecutions actions are "disfavored." (Leonardini v. Shell Oil Co. (1989) 216 Cal.App.3d 547, 565-566, 264 Cal.Rptr. 883.) In fact, litigants "have the right to present issues that are arguably correct, even if it is extremely unlikely they will win." (In re Marriage of Flaherty (1982) 31 Cal.3d 637, 650, 183 Cal.Rptr. 508, 646 P.2d 179.)
To successfully state a cause of action for malicious prosecution, a plaintiff must allege that the underlying action was initiated by or at the direction of the defendant, was terminated in the plaintiffs favor, was brought without probable cause, and was initiated with malice. (Sheldon Appel Co. v. Albert & Oliker (1989) 47 Cal.3d 863, 871, 254 Cal.Rptr. 336, 765 P.2d 498 (hereafter Sheldon Appel); Bertero v. National General Corp. (1974) 13 Cal.3d 43, 50, 118 Cal.Rptr. 184, 529 P.2d 608.) Upon objection, the plaintiff must also be able to show that the complaint alleging those elements was filed in a timely fashion.
In opposing Defendants' arguments that persuaded the trial court to sustain the demurrer, Plaintiffs contend (1) that their cause of action is not barred by the statute of limitations, (2) that they adequately pleaded a favorable termination reflecting on the merits of the underlying action, and (3) that Defendants did not establish as a matter of law that they had probable cause to bring the Teachers' action.

III. ANALYSIS

A.-B.[**]

C. Defendants Have Established That, as a Matter of Law, They Had Probable Cause to Bring Their Claims for Injunctive Relief and Damages
Defendants contend that, because they obtained a favorable ruling in the Teachers' action, they have established as a matter of law that that claim was brought with probable cause, thereby defeating any cause of action for malicious prosecution based on that claim. We agree.

1. A Presumption of Probable Cause Arises from a Judgment in the Underlying Action in Favor of the Plaintiff
It has long been the rule in California that if the plaintiff in the underlying *491 action obtains a judgment in his or her favor after a trial on the merits in a court of competent jurisdiction, that judgment is presumed to establish that the plaintiff prosecuted the underlying action with probable cause, even though the judgment is subsequently set aside on motion or reversed on appeal. That presumption is conclusive unless the malicious-prosecution plaintiff can establish that the judgment was obtained by extrinsic or intrinsic fraud on the part of the opposing party. (Crowley v. Katleman (1994) 8 Cal.4th 666, 692, fn. 15, 34 Cal.Rptr.2d 386, 881 P.2d 1083 (hereafter Crowley); Bealmear v. So. Cal. Edison Co. (1943) 22 Cal.2d 337, 340, 139 P.2d 20; Carpenter v. Sibley (1908) 153 Cal. 215, 217-218, 94 P. 879; Holliday v. Holliday (1898) 123 Cal. 26, 32, 55 P. 703; Roberts v. Sentry Life Insurance (1999) 76 Cal.App.4th 375, 383, 90 Cal.Rptr.2d 408 (hereafter Roberts); Cowles v. Carter (1981) 115 Cal.App.3d 350, 355, 171 Cal. Rptr. 269.) That is consistent with the majority common-law rule in the United States. (See Crescent City Live Stock Co. v. Butchers' Union Co. (1887) 120 U.S. 141, 147-151, 7 S.Ct. 472, 475-477, 30 L.Ed. 614, 617-618; Rest.2d, Torts, § 667; 1 Harper, et al, The Law of Torts (3d ed.1996) § 4.5, pp. 4:33-4:36; Prosser & Keeton, The Law of Torts (5th ed.1984) § 120, p. 894.)
Plaintiffs contend that the rule authorizing the presumption of probable cause did not survive that portion of Sheldon Appel that held that the probable cause is determined solely from whether the action was objectively legally tenable and does not depend upon the defendant's subjective belief in the merits of the case. (Sheldon Appel, supra, 47 Cal.3d 863, 877-882, 254 Cal.Rptr. 336, 765 P.2d 498.) They are mistaken.
Cases are not authority for issues they do not consider (People v. Nguyen (2000) 22 Cal.4th 872, 879, 95 Cal.Rptr.2d 178, 997 P.2d 493), and the court in Sheldon Appel did not consider the continuing viability of the probable-cause presumption. Therefore, we are bound by the prior Supreme Court authorities adopting that presumption (Holliday v. Holliday, supra, 123 Cal. 26, 55 P. 703, and its progeny) unless its continued use is irreconcilable with the holding in Sheldon Appel,
It is not. The primary effect of the decision in Sheldon Appel was to eliminate confusion caused by erroneous dicta in Tool Research & Engineering Corp. v. Henigson (1975) 46 Cal.App.3d 675, 120 Cal.Rptr. 291 and Murdock v. Gerth (1944) 65 Cal.App.2d 170, 150 P.2d 489. (Sheldon Appel, supra, 47 Cal.3d 863, 877-878, 254 Cal.Rptr. 336, 765 P.2d 498.) Because the cases adopting the probable-cause presumption were decided long before that confusion arose, the elimination of that confusion does not undermine the rationale for the presumption. That the presumption and Sheldon Appel are not inconsistent is further demonstrated by the fact that, even after deciding Sheldon Appel, the Supreme Court has referred to the probable-cause presumption with approval. (Crowley, supra, 8 Cal.4th 666, 692, fn. 15, 34 Cal.Rptr.2d 386, 881 P.2d 1083; and see Roberts, supra, 76 Cal.App.4th 375, 383-384, 90 Cal.Rptr.2d 408 [applying the presumption]; Downsy Venture v. LMI Ins. Co. (1998) 66 Cal.App.4th 478, 497-498, 78 Cal.Rptr.2d 142 [referring to the presumption]; Hufstedler, Kaus & Ettinger v. Superior Court (1996) 42 Cal.App.4th 55, 65, 49 Cal.Rptr.2d 551 [suggesting but not deciding that the presumption survived] (hereafter Hufstedler).)
Moreover, there appears to be no reason why the probable-cause presumption should be abolished. That presumption furthers the goal of judicial economy. If the trial court has already decided that the underlying action is meritorious, it can be safely assumed that there was probable cause to bring the action at the time it was filed. A reversal means only that the trial court's evaluation of the merits of the action was incorrect, not that it was totally unreasonable. (Fairchild v. Adams (1959) *492 170 Cal.App.2d 10, 15, 338 P.2d 191; cf. Roberts, supra, 76 Cal.App.4th 375, 383, 90 Cal.Rptr.2d 408.) That implied finding of probable cause should not be subject to reevaluation.[6] (Cowles v. Carter, supra, 115 Cal.App.3d 350, 358, 171 Cal.Rptr. 269.) "Although in application the rule may result in an occasional injustice, its salutary effect outweighs the detriments." (Ibid.)

2. A Presumption of Probable Cause to Bring the Claim for Injunctive Relief Arose from the Order Granting that Relief, and Plaintiffs Have Failed to Rebut that Presumption
Defendants contend that the trial court's order granting the injunction requested in the Teachers' action gives rise to the presumption of probable cause. Plaintiffs having neither alleged nor sought leave to amend their complaint to allege that that favorable ruling was obtained by fraud, Defendants contend that the presumption is conclusive and requires that the demurrers be sustained. Plaintiffs deny that the presumption arises under these circumstances.
Preliminarily, Plaintiffs argue that only jury verdicts can support the probable-cause presumption. They are mistaken. A judge's decision after a nonjury trial that judgment should be entered in favor of the prosecuting party is no less indicative of probable cause, and no less worthy of respect and deference, than is a jury's verdict. Therefore, the probable-cause presumption arises regardless of whether the decision is made "by a court consisting of a judge and jury or by a judge sitting as the trier of fact as well as of law...." (Rest.2d, Torts, § 667, com.a, p. 437.) In accordance with that rule, several California cases invoke the presumption on the basis of nonjury decisions. (See, e.g., Cooper v. Pirelli Cable Corp. (1984) 160 Cal.App.3d 294, 300, 206 Cal. Rptr. 581 [small claims action]; Norton v. John M.C. Marble Co. (1939) 30 Cal. App.2d 451, 454-455, 86 P.2d 892 [contempt proceedings]; Cowles v. Carter, supra, 115 Cal.App.3d 350, 356,171 Cal.Rptr. 269 [quoting with approval a Georgia case involving a judge's order granting an injunction and appointing a receiver].)
Alternatively, Plaintiffs contend that only decisions reached after fair adversary hearings are sufficient to support the presumption. They note that several cases state that the criteria for determining whether the probable-cause presumption applies "may be articulated in the following question: Did a trier of fact after a fair adversary hearing reach a determination on the merits against the defendant in the prior proceeding?" (Coivles v. Carter, supra, 115 Cal.App.3d 350, 358, 171 Cal.Rptr. 269; accord, Roberts, supra, 76 Cal.App.4th 375, 383, 90 Cal.Rptr.2d 408; Lucchesi v. Giannini & Uniack (1984) 158 Cal.App.3d 777, 787, 205 Cal.Rptr. 62 (hereafter Lucchesi ).) They contend that, under that standard, the order following the trial of the injunctive relief claim of the Teachers' action cannot give rise to the presumption because we held that the manner in which that trial was conducted "deprived the defendants of their due-process right to a full and fair hearing of their defense to the accusations against them...." (E019394.)
They are mistaken. The requirement of a fair adversary hearing is simply another way of saying that the presumption of probable cause may be rebutted only upon a showing that the judgment in the underlying action was procured "`by *493 fraud, perjury or subornation of perjury, or other unfair conduct on the part of the defendant(Carpenter v. Sibley, supra, 153 Cal. at p. 218, 94 P. 879.) Here, there is no assertion of any fraud or other wrongful conduct by Defendants during the trial. Although the trial court erred by excluding oral testimony other than testimony on cross-examination, there is no assertion that that exclusion was sought by Defendants. Moreover, that error did not prevent Plaintiffs from appearing, presenting their defense, and otherwise participating in the trial. Judicial error of this sort does not constitute either extrinsic or intrinsic fraud or mistake, and thus does not rebut the presumption.[7]
The presumption of probable cause being unrebutted, that presumption becomes conclusive. It having been established as a matter of law that Defendants had probable cause to bring their claim for injunctive relief, and a lack of probable cause being an essential element of a malicious prosecution action, the trial court correctly determined that no malicious prosecution action can be predicated on the injunctive-relief claim.

3. A Presumption of Probable Cause to Bring the Claim for Damages arose from the Order Denying Plaintiffs' Special Motion to Strike, and the Plaintiffs Have Failed to Rebut that Presumption
The Teachers' action stated claims, not only for injunctive relief, but also for damages. Because the damage claims were not tried with the claim for injunctive relief, the order granting the injunction does not support a presumption of probable cause as to those unlitigated claims. However, the order issuing the injunction is not the only trial-court ruling in favor of Defendants. Defendants also rely on the trial court's denial of the special motion to strike the Teachers' action (SLAPP suit). (§ 425.16.) Does such a ruling give rise to the probable-cause presumption?
"A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) The moving defendant bears the initial burden of establishing a prima facie showing that the plaintiffs cause of action arises from the defendant's free speech or petition activity. (Kyle v. Cannon (1999) 71 Cal.App.4th 901, 907, 84 Cal.Rptr.2d 303.) Once the defendant makes that showing, the burden shifts to the plaintiff to make a prima facie showing of facts that would, if believed by the finder of fact at trial, support a judgment in the plaintiffs favor. (Ibid.)
"It is recognized" that a SLAPP suit motion to strike "require[s] that the court consider the pleadings and affidavits of the parties," and therefore that "the test is similar to the standard applied to evidentiary showings in summary judgment motions...." (Church of Scientology v. Wollersheim (1996) 42 Cal.App.4th 628, 654, 49 Cal.Rptr.2d 620, citation omitted.) Thus, the denial of a SLAPP suit motion to strike parallels the denial of a motion for summary judgment.
*494 The proper question, then, is whether denial of a motion for summary judgment, or such an analogous ruling, can raise a presumption of probable cause for the Teachers' action. Roberts, supra, 76 Cal.App.4th 375, 384, 90 Cal.Rptr.2d 408, holds that it can. There the court held that denial of a summary judgment in an underlying action can raise the probable-cause presumption sufficiently to defeat a malicious prosecution action. The law on this issue, however, is not clearly settled; Roberts, particularly its historical context, deserves critical consideration.
First came Lucchesi supra, 158 Cal. App.3d 777, 787, 205 Cal.Rptr. 62 in 1984. Lucchesi held that denial of a motion for summary judgment "falls short of a hearing on the merits."
Then, in Hufstedler, supra, 42 Cal. App.4th 55, 69, 49 Cal.Rptr.2d 551, the Court of Appeal held that "[although the denial of a motion for summary judgment in the underlying action does not itself preclude a subsequent malicious prosecution claim [citation]," the denial of the motion certainly can support a conclusion that the underlying action was objectively tenable. The court emphasized that, had the underlying action been clearly untenable, the defendant's motion in the underlying action would have been granted. (Ibid.)
Hufstedler then set the stage for Roberts. Fifteen years after Hufstedler, Roberts expressly held "that denial of defendant's summary judgment in an earlier case normally establishes there was probable cause to sue, thus barring a later malicious prosecution suit." (Roberts, supra, 76 Cal.App.4th 375, 384, 90 Cal.Rptr.2d 408, italics added.) That is, in order to deny a motion for summary judgment, the court must find that there are genuine issues of material fact for trial, and that the moving party is not entitled to judgment as a matter of law. "These conclusions necessarily imply that the judge finds at least some merit in the claim. The claimant may win, if certain material facts are decided favorably. This finding (unless disregarded) compels [the] conclusion that there is probable cause, because probable cause is lacking only in the total absence of merit." (Id. at p. 383, 90 Cal. Rptr.2d 408, italics in original.)
Roberts and Hufstedler are plainly contrary to Lucchesi. Roberts explained this difference: Lucchesi was decided before Sheldon Appel. In Sheldon Appel, the California Supreme Court eliminated subjective good faith as an appropriate standard for determining whether an underlying action was without merit. "Before Sheldon Appel, one could be sued for bad faith prosecution of a claim that was objectively legally tenable. Denial of summary judgment shows objective legal tenability, but says nothing about the claimant's [subjective] good faith. So before Sheldon Appel it was proper to refuse to find probable cause based solely on denial of summary judgment. But Sheldon Appel changed the standard for probable cause, eliminating the subjective element, and instead prescribing a wholly objective inquiry whether the claim was frivolous or without merit. [Citation.]" (Roberts, supra, 76 Cal.App.4th 375, 384, 90 Cal. Rptr.2d 408.) Therefore, the Roberts court concluded that denial of defendant's motion for summary judgment in the underlying action can establish that there was probable cause to sue. (Ibid.) Lucchesi which had to consider subjective good faith in addition to the objective legal merits of the cause of action, no longer applied.
In the meantime, confusion arose regarding the continued vitality of Lucchesi. In 1994, after Sheldon Appel but before either Hufstedler or Roberts, the California Supreme Court, in a different context, appeared to follow Lucchesi, reciting its ruling that the denial of a motion for summary adjudication is not a judgment on the merits. (Crowley, supra, 8 Cal.4th 666, 675, fn. 5, & pp. 692-693, fn. 15, 34 Cal. Rptr.2d 386, 881 P.2d 1083.) Nevertheless, despite Crowley's apparently uncritical *495 acceptance of Lucchesi, the Supreme Court thereafter denied review in both Roberts (on Feb. 16, 2000) and Hufstedler (on May 22, 1996), even though neither Roberts nor Hufstedler mentioned Crowley in their analysis. Moreover, it did not depublish either case, even though both are contrary to Lucchesi and, implicitly Crowley.
Notwithstanding this confusion, the analysis in Roberts and Hufstedler makes sense when applied to a SLAPP special motion to strike. Under section 425.16, after the moving defendant bears the initial burden of establishing a prima facie showing that the plaintiffs cause of action arises from the defendant's free speech or petition activity, the plaintiff must set forth a prima facie showing of facts that would, if believed by the finder of fact at trial, support a judgment in the plaintiffs favor. (Kyle v. Cannon, supra, 71 Cal. App.4th 901, 907, 84 Cal.Rptr.2d 303.) In this case, the trial court denied Plaintiffs' special motion because Defendants demonstrated a probability that they can prevail on the merits of their complaint, which is supported by a sufficient prima facie showing of facts to sustain a favorable judgment. As in Roberts, the court's ruling necessarily implies that it found "at least some merit in the [Teachers'] claim." (Roberts, supra, 76 Cal.App.4th 375, 383, 90 Cal.Rptr.2d 408.) Again, as in Roberts, this finding "compels [the] conclusion that there is probable cause, because probable cause is lacking only in the total absence of merit." (Ibid., italics in original.) Because the Supreme Court has impliedly accepted the reasoning set forth in Roberts by failing to grant review of it and by failing to depublish it, we follow the analysis in Roberts and hold that a presumption of probable cause to bring the claim for damages arose from the order denying plaintiffs' special motion to strike the Teachers' action.
Hence, the presumption of probable cause being unrebutted, that presumption becomes conclusive. It having been established as a matter of law that Defendants had probable cause to bring their claim for damages, and a lack of probable cause being an essential element of a malicious prosecution action, the trial court correctly determined that no malicious prosecution action can be predicated on the damages claim.

IV. DISPOSITION
The judgments of dismissal are affirmed. Defendants shall recover their costs on appeal.
RICHLI, J., concurs.
McKINSTER, Acting P.J., concurring and dissenting opinion, Wilson v. Reich, E025710.
I concur in those portions of the majority's opinion holding that the Plaintiffs' action was timely filed (part III.A.) and that the teachers' action had been dismissed on its merits (part III.B.). I also agree that the presumption of probable cause survived Sheldon Appel Co. v. Albert & Oliker (1989) 47 Cal.3d 863, 254 Cal.Rptr. 336, 765 P.2d 498 (part III.C.1.) and that a presumption that the teachers had probable cause to bring their claim for injunctive relief arose from the order granting that relief (part III.C.2.).
I part company with my colleagues only in the last portion of their opinion, in which they conclude that the denial of a special motion to strike under Code of Civil Procedure section 425.16 [1] gives rise to a presumption of probable cause. In my view, their conclusion is contrary to the established rule that trial court rulings that do nothing more than determine that the plaintiff has established a prima facie showing do not support the conclusive presumption of probable cause. Therefore, I respectfully dissent from the majority's analysis and decision regarding part III. C.3.

*496 A. AS WITH OTHER MOTIONS THAT MAY BE DEFEATED BY A PRIMA FACIE SHOWING, THE DENIAL OF A SPECIAL MOTION TO STRIKE IS NOT A DETERMINATION ON THE MERITS AND DOES NOT GIVE RISE TO THE PRESUMPTION OF PROBABLE CAUSE.

Although section 425.16 speaks in terms of the trial court determining whether the plaintiff has established a "probability" of success, it has been uniformly interpreted to authorize an analysis merely of the sufficiency of the plaintiffs evidence to support his or her claim. In ruling on the motion, the trial court does not "weigh the merits of the claim or consider its likely outcome at trial." (College Hospital, Inc. v. Superior Court (1994) 8 Cal.4th 704, 719, 34 Cal.Rptr.2d 898, 882 P.2d 894 [construing comparable provisions of § 425.13]; accord, Kyle v. Carmon (1999) 71 Cal. App.4th 901, 907-908, 84 Cal.Rptr.2d 303 [§ 425.16]; Wilcox v. Superior Court (1994) 27 Cal.App.4th 809, 823, 33 Cal. Rptr.2d 446 [same].) Instead, the trial court is "`to determine only if the plaintiff has stated and substantiated a legally sufficient claim.'" (Briggs v. Eden Council for Hope & Opportunity (1999) 19 Cal.4th 1106, 1123, 81 Cal.Rptr.2d 471, 969 P.2d 564, quoting Rosenthal v. Great Western Fin. Securities Corp. (1996) 14 Cal.4th 394, 412, 58 Cal.Rptr.2d 875, 926 P.2d 1061.) Thus, as the majority opinion correctly observes, a special motion to strike must be denied if the plaintiff makes a prima facie showing of facts that would, if believed by the finder of fact at trial, support a judgment in the plaintiffs favor. (Kyle at p. 907, 84 Cal.Rptr.2d 303.)
Because the trial court's role when ruling on a special motion to strike is limited to determining the sufficiency of the plaintiffs evidence, both the plaintiffs burden and the trial court's role are comparable to those presented by a motion for nonsuit, directed verdict, or summary judgment. (Kyle v. Carmon, supra, 71 Cal.App.4th at pp. 907-908, 84 Cal.Rptr.2d 303.) The analogy between special motions to strike and motions for nonsuit is particularly close,
"A motion for nonsuit is tantamount to a demurrer to the evidence in that it concedes the truth of the facts proved, but denies that they, as a matter of law, sustain the plaintiffs case. [Citation.] A motion for nonsuit should not be granted if there is any substantial evidence tending to prove all the controverted facts necessary to establish the plaintiffs case." (Lucchesi v. Giannini & Uniack (1984) 158 Cal.App.3d 777, 787, 205 Cal.Rptr. 62 ("Lucchesi").) "[T]he denial of a motion for nonsuit (in contrast to the granting of such motion) is not a determination on the merits." (Ibid., fn. omitted.) "With such a minimal showing needed to defeat the motion, we hold the denial of a motion for nonsuit is insufficient, in itself, to conclusively establish probable cause to institute the prior civil proceedings." (Ibid., fn. omitted.)
The rule regarding denials of motions for nonsuit is consistent with prior decisions holding that interim rulings denying other types of potentially dispositive motions brought by defendants do not support the presumption. (Crowley v. Katieman (1994) 8 Cal.4th 666, 675, fn. 5, & 692-693, fn. 15, 34 Cal.Rptr.2d 386, 881 P.2d 1083 [denial of motion for summary adjudication] ("Crowley"); Hufstedler, Kaus & Ettinger v. Superior Court (1996) 42 Cal.App.4th 55, 69, 49 Cal.Rptr.2d 551 [denial of motion for summary judgment]; Lucchesi supra, 158 Cal.App.3d at p. 787, 205 Cal.Rptr. 62 [same]; De La Riva v. Owl Drug Co. (1967) 253 Cal.App.2d 593, 595-597, 61 Cal.Rptr. 291 [denial of motion to set aside an information pursuant to Pen.Code, § 955].)
What those motions have in common is that they can all be defeated by a prima facie showing of evidence to support the plaintiffs cause of action. Rulings denying those motions are comparable to a magistrate's decision after a preliminary *497 hearing that there is sufficient evidence to bind a criminal defendant over for trial. Because the magistrate does not have full jurisdiction to try the matter and to render a judgment upon the merits, his or her decision is not conclusive evidence of probable cause. (Holliday v. Holliday (1898) 123 Cal. 26, 32, 55 P. 703.) Instead, it is only prima facie evidence, which may be overcome by contrary evidence at trial. (Ibid; Diemer v. Herber (1888) 75 Cal. 287, 290, 17 P. 205; Foster v. Banks (1931) 112 Cal.App. 622, 625, 297 P. 106.)
Because special motions to strike can also be defeated upon the same type of minimal evidentiary showings establishing only a prima facie showing, the denial of a special motion to strike is not a determination on the merits and does not give rise to a conclusive presumption of probable cause.

B. THE MAJORITY'S CONCLUSION TO THE CONTRARY IS UNWARRANTED AND REQUIRES AN UNAUTHORIZED DEPARTURE FROM BINDING SUPREME COURT PRECEDENT.

In reaching a contrary result, the majority limits its discussion solely to cases involving motions for summary judgment or summary adjudication, dismisses the precedential value of both Lucchesi and Crowley, and follows Roberts v. Sentry Life Insurance (1999) 76 Cal.App.4th 375, 90 Cal.Rptr.2d 408, which holds that the denial of a summary judgment motion can be sufficient to raise the probable-cause presumption. Relying on Roberts, the majority concludes that the denial of a special motion to strike also supports that presumption. I believe that every aspect of the majority's analysis is incorrect.
First, there is no reason why denials of motions for summary judgment or summary adjudication should be treated any different from denials of motions for nonsuit, of motions to set aside an information, or of any other motion that can be defeated merely by making a prima facie showing. Unless a rational and persuasive distinction can be drawn, some basis for disagreeing with the authorities settling the rule applicable under those circumstancese.g., Holliday v. Holliday, supra, 123 Cal. 26, 55 P. 703; Diemer v. Herber, supra, 75 Cal. 287, 17 P. 205; De La Riva v. Owl Drug Co., supra, 253 Cal.App.2d 593, 61 Cal.Rptr. 291; Foster v. Banks, supra, 112 Cal.App. 622, 297 P. 106 should be articulated before they are disregarded without mention or discussion.
Second, the majority's attack on Lucchesi fails. The majority notes that Lucchesi was decided in 1984, before the Supreme Court held in 1989 that probable cause does not depend upon the subjective good faith of the plaintiff in the underlying action. (Sheldon Appel Co. v. Albert & Oliker, supra, 47 Cal.3d at pp. 877-882, 254 Cal.Rptr. 336, 765 P.2d 498.) Because subjective good faith is no longer an issue, the majority reasons, Lucchesi's conclusion is no longer valid.
That analysis fails because Lucchesi's holdings that denials of motions for nonsuit and summary judgment do not give rise to the presumption of probable cause are not based upon the subjective/objective distinction. Instead, the court held that those denials are insufficient because they involve merely a determination that a prima facie case has been shown rather than a determination on the merits. (Lucchesi, supra, 158 Cal.App.3d at pp. 787-788, 205 Cal.Rptr. 62.)
Moreover, in Crowley, decided five years after Sheldon Appel Co. v. Albert & Oliker, the Supreme Court was faced with the contention that the denial of a motion for summary adjudication had given rise to a conclusive presumption of probable cause. The court rejected that contention, explaining that, "as the Court of Appeal herein correctly held, the denial of Crowley's motion for summary adjudication of issues ... was not a judgment on the merits for that purpose. (Lucchesi v. Giannini & Uniack, supra, 158 Cal. App.3d 777, 785-788 [205 Cal.Rptr. 62].)" *498 (Crowley, supra, 8 Cal.4th at pp. 692-693, fn. 15, 34 Cal.Rptr.2d 386, 881 P.2d 1083.) The Supreme Court's express reliance upon Lucchesi dispels any notion that Lucchesi was implicitly disapproved by Sheldon Appel Co.
The majority dismisses Crowley on the ground that its holding regarding denials of summary adjudication motions is based on an "uncritical acceptance" of Lucchesi. But as an intermediate appellate court, we are bound by the holdings of our Supreme Court whether we think that they are well-reasoned or not. (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 455, 20 Cal.Rptr. 321, 369 P.2d 937.) That is particularly true here, where the opinion in question is consistent with a line of authority reaching back over a hundred years. We may suggest that the issue be revisited or that the rule be changed, but we must do so while complying with the existing Supreme Court authority. (9 Witkin, Cal.Procedure (4th ed.1997) Appeal, § 931, pp. 967-968.)
Reliance upon the Court of Appeal's decision in Roberts v. Sentry Life Insurance, supra, is barred for the same reason. Roberts's holding that the denial of a summary judgment motion gives rise to the presumption of probable cause cannot be reconciled with the contrary holding from Crowley quoted above. Given the supremacy of the higher court and the doctrine of stare decisis, we are bound to follow Crowley. (Auto Equity Sales, Inc. v. Superior Court, supra, 57 Cal.2d at p. 455, 20 Cal. Rptr. 321, 369 P.2d 937.)
Even if we could, I would not be inclined to exempt special motions to strike from the rule that denials of demurrers to the evidence do not support a presumption of probable cause. Because the presumption is conclusive, it is properly reserved only for those cases in which either the merits of the cause of action have actually been tried, or the cause of action has been determined to be meritless before trial. As explained above, a special motion to strike can be defeated merely by making a prima facie showing. Indeed, the trial court here expressly explained that the motion had been denied because the opposing parties had presented "a sufficient prima facie showing of facts to sustain a favorable judgment." The determination that such a minimal showing has been made is neither a trial on the merits nor a finding that the action is utterly without merit. Therefore, it should not be given conclusive effect. While it may be persuasive evidence at trial, it does not justify an extraordinary conclusive presumption terminating the Plaintiffs' action at the pleading stage.

C. THAT MALICIOUS PROSECUTION ACTIONS ARE DISFAVORED DOES NOT JUSTIFY A DIFFERENT RESULT.

"[M]alicious prosecution is a `disfavored cause of action' because of its potentially chilling effect on the public's willingness to resort to the courts for settlement of disputes." (Crowley, supra, 8 Cal.4th at p. 680, 34 Cal.Rptr.2d 386, 881 P.2d 1083.) Early in its analysis, the majority opinion recites that characterization. But that disfavored status does not justify the result reached by the majority. The conclusive presumption of probable cause has no application outside the realm of malicious prosecution. Because we have no occasion to distinguish between the rules governing that "disfavored" cause of action and those governing other, presumably "favored" causes of action, the pejorative label does nothing to further the analysis.
To the contrary, it tends to frustrate reasoned analysis by clouding the issue. As the Supreme Court has warned, "'"we should not be led so astray by the notion of a `disfavored' action as to defeat the established rights of the plaintiff by indirection; for example, by inventing new limitations on the substantive right, which are without support in principle or authority...."'" (Crowley, supra, 8 Cal.4th at p. 680, 34 Cal.Rptr.2d 386, 881 P.2d 1083.) Because of that potential for distraction, "[l]ittle is gained by the use of such epithets." (Ibid., fn. 8.)
As set forth above, a long line of Supreme Court and intermediate appellate *499 court cases, from Diemer v. Herber in 1888 to Crowley in 1994, establishes and applies the rule that trial court rulings that do nothing more than determine that the plaintiff has established a prima facie showing do not give rise to the conclusive presumption of probable cause. By disregarding that rule, the majority opinion does exactly what Crowley warns against, i.e., it invents new limitations on the right to maintain a malicious prosecution action, without support in principle or viable authority. I decline to join my colleagues in doing so.

D. CONCLUSION

I would hold that the denial of the special motion to strike did not give rise to the presumption of probable cause. Because the teachers did not otherwise establish that the Plaintiffs will be unable to establish that the teachers lacked probable cause to bring their damage claims, I would hold that the orders sustaining the demurrers to that cause of action without leave to amend must be vacated and the judgments of dismissal must be reversed. Because the majority concludes otherwise, I dissent.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts A and B.
[1] All references are to the Code of Civil Procedure unless otherwise specified.
[2] To support some of the procedural recitations, we grant Plaintiffs' request for judicial notice of our opinion resolving an appeal arising out of the Teachers' action, Kuzmich v. Mexican Political Association, E019394/ E020142, filed May 20, 1998.
[3] We grant the request of Axup and Bowers that we take judicial notice of the order denying that motion.
[4] To the extent relevant here, we found: "As for Wilson, there is no evidence that he personally committed tortious conduct and he is entitled to a dismissal. Finally, we hold that defendant Association cannot be held liable for the actions of certain of its members, and it has no liability in tort for sponsoring a protest on an issue of public significance."
[5] Plaintiffs have also attempted to appeal from certain rulings in favor of Kuzmich, Castle, and Schwartz. However, those appeals were dismissed due to the lack of appealable orders or judgments. We denied the motion of those three parties to insert themselves into this appeal by submitting an amicus curiae brief.
[**] See footnote *, ante.
[6] Another rationale for the presumption has also been voiced: "The rule is founded on deeper grounds of public policy in vindication of the dignity and authority of judicial tribunals constituted for the purpose of administering justice according to law, and in order that their judgments and decrees may be invested with that force and sanctity which shall be a shield and protection to all parties and persons in privity with them." (Crescent City Live-Stock Co. v. Butchers' Union Co., supra, 120 U.S. 141, 159, 7 S.Ct. 472, 481, 30 L.Ed. 614, 621; Bullock v. Morrison (1931) 118Cal.App. 112, 114, 4 P.2d 812.)
[7] At oral argument, Plaintiffs argued that judgments arising from proceedings lacking due process do not collaterally estop relitigation of the issues resolved in those judgments, that collateral estoppel is analogous to the conclusive presumption, and therefore no conclusive presumption should arise in this instance. But because Plaintiffs neither raised that argument in their briefs (Sunset Drive Corp. v. City of Redlands (1999) 73 Cal. App.4th 215, 226, 86 Cal.Rptr.2d 209) nor supported that argument with citations to authority (People v. Stanley (1995) 10 Cal. 4th 764, 793, 42 Cal.Rptr.2d 543, 897 P.2d 481), it has been waived.
[1] Unless specified otherwise, all further section references are to this code.