**HYDRANAUTICS, Plaintiff–Appellant,**

v.

**FILMTEC CORPORATION, Defendant–Appellee.**

No. 06–55182.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2007.

Filed March 16, 2007.

Donald G. Rez, Esq., Jeffrey D. Lewin, Esq., Cynthia A. Fissel, Esq., Sullivan, Hill, Lewin & Rez, San Diego, CA, William H. Barrett, Craig P. Seebald, Esq., Joseph

N. Eckhardt, Esq., Kevin M. Bolan, Esq., M. Miller Baker, McDermott, Will & Emery, for Plaintiff–Appellant.

Robert S. Brewer, Jr., Esq., McKenna Long & Aldridge, LLP, San Diego, CA, Steven E. Sletten, Esq., David Segal, Esq., Gibson Dunn & Crutcher, LLP, Los Angeles, CA, Bruce M. Kanuch, Esq., Dow Chemical Company, Midland, MI, for Defendant–Appellee.

Before: FERNANDEZ, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM *

Hydranautics appeals the district court's grant of summary judgment in favor of FilmTec Corporation ("FilmTec") on Hydranautics' malicious prosecution and antitrust claims.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Hydranautics' malicious prosecution claim fails as a matter of law because FilmTec prosecuted its patent infringement action against Hydranautics with probable cause.[2] We have already held that absent fraud or perjury a conclusive presumption of probable cause attached when FilmTec prevailed in its patent infringement action against Hydranautics at the trial level.[3] Hydranautics failed to

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *See Keenan v. Allan*, 91 F.3d 1275, 1278 (9th Cir.1996) ("A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the non-moving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.").

2. *See Sheldon Appel Co. v. Albert & Oliker*, 47 Cal.3d 863, 254 Cal.Rptr. 336, 765 P.2d 498, 501 (1989) (stating that in order to establish a prima facie case of malicious prosecution under California law, a plaintiff must prove, *inter alia*, that the prosecuted action was brought without probable cause).

3. *See Hydranautics v. FilmTec Corp.*, 100 F.3d 962, 1996 WL 616655 at *3 (9th Cir.1996) (unpublished disposition) ("Probable cause is conclusively established by a malicious prose-

rebut this presumption when it pointed to no evidence that FilmTec engaged in fraud or perjury in procuring its initial judgment against Hydranautics.[4] Hydranautics' failure to rebut the probable cause presumption also causes Hydranautics' antitrust claim to fail as a matter of law.[5]

AFFIRMED.

---

cution defendant where the defendant has achieved a favorable result at the trial court in its underlying action, even though that trial court is later reversed on appeal." (citing *Cowles v. Carter*, 115 Cal.App.3d 350, 171 Cal.Rptr. 269, 271 (1981))).

**4.** *See id.* ("The presumption of probable cause does not apply when the defendant procured its favorable judgment in the underlying action by the 'knowing use of false and perjured testimony.'" (quoting *Carpenter v. Sibley*, 153 Cal. 215, 94 P. 879, 879 (1908))).

**5.** *See Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 887 (9th Cir.2000) (" '[T]he existence of probable cause to institute legal proceedings precludes a finding that an antitrust defen-

dant has engaged in sham litigation.... Under our decision today, therefore, a proper probable cause determination irrefutably demonstrates that an antitrust plaintiff has not proved the objective prong of the sham exception and that the defendant is accordingly entitled to [*Eastern R.R. Presidents Conference v.*] *Noerr* [*Motor Freight, Inc.*, 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464] immunity.'" (quoting *Prof. Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 62–63, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993))).

